76  469
80  114
76  469|
84   24

---

### H. B. CLAFLIN & CO. V. ANNA PFEIFFER ET AL.

#### No. 2812.

1.  **Sale of Share in Business by Husband to Wife.**—Upon an issue between a wife claiming for the value of her separate property, which claim was controverted by attachment proceedings at suit of community creditors, they having bought at execution sale, facts tending to show the date of the dissolution of the business partnership, one-half the assets of which were the subject matter in controversy, would be immaterial, the issue being whether the conveyance of that interest by the husband under which the wife claimed was colorable.

2.  **Profits of Wife's Business.**—Profits on investments of wife's separate property are community assets, and liable for the husband's debts.

3.  **Same.**—If such profits be mixed with the wife's separate property, in a contest between the wife and a creditor of the husband seeking to subject the property to the husband's debt the burden is upon the wife to show how much of the property retained its character of her separate estate.

4.  **Case in Judgment.**—A member of a show case manufactory becoming involved in other matters conveyed his interest in the business to his wife in payment of money he had spent belonging to her. The husband continued in the factory on wages. The half interest in this business was seized and sold under attachment. In a controversy between the wife and the purchaser it devolved upon the wife to show what of the articles so levied upon and sold had been conveyed to her. Failing to do so, and it appearing that there were profits of the business intermingled, she could not recover.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Scott & Levi,* for appellants.—The court erred in its application of the maxim *de minimis* to the question of mutations in the wife's separate property. There was no evidence from which it could be inferred that the property *in specie* was identical on October 6 and September 19, 1887. The only evidence on the subject showed that it was constantly undergoing changes between those dates. It was incumbent on Mrs. Pfeiffer to trace her separate means to the property or interest levied on; and in the absence of any evidence to show that what was levied on was what was acquired by her, the presumption that it was community property was not overcome. Epperson v. Jones, 65 Texas, 425; Cleveland v. Cole, 65 Texas, 402; Braden v. Gose, 57 Texas, 41; Green v. Ferguson, 62 Texas, 529; Smith v. Bailey, 66 Texas, 553, and cases cited; Middlebrook v. Zapp, 73 Texas, 29.

No brief for appellees reached the Reporter.

ACKER, PRESIDING JUDGE.—Gustave Pfeiffer and Carl Emme were partners in the business of manufacturing show cases under the firm name and style of Gust. Pfeiffer & Co., or the Galveston Show Case Manufactory, each owning a half interest. Gustave Pfeiffer was also a member of a mercantile firm which was insolvent. On the 19th day of September, 1887, Pfeiffer conveyed his half interest in the business of Gust. Pfeiffer & Co. to his wife Anna for the recited consideration "of $1500, money belonging to my wife, being part of her inheritance devised from her father and loaned by her to me." It was understood and agreed between Emme and the Pfeiffers that the business would be continued with Mrs. Pfeiffer a member of the firm instead of her husband. On the 27th of September Emme published a notice of dissolution of the partnership of Gust. Pfeiffer & Co., and that he would thereafter "carry on the business under the name and style of the Galveston Show Case Factory, Carl Emme, proprietor." The mercantile firm of which Pfeiffer was a member was indebted to H. B. Claflin & Co. in the sum of about $6000, upon which an attachment suit was instituted, and on the 6th day of October, 1887, the writ of attachment sued out by Claflin & Co. was levied on the Pfeiffer half interest in the show case factory business. The attachment lien was foreclosed and the half interest in the business purchased by Claflin & Co.

On December 21, 1888, this suit was instituted by Anna Pfeiffer, joined by her husband, against Carl Emme, to recover $2500, the alleged value of an undivided half interest in certain personal property, consisting of show cases, tools, and material for manufacturing them, office furniture, etc., described in an exhibit attached to the petition. It was alleged that the property was left in the hands of Emme subject to the order of Anna Pfeiffer, and that Emme converted it to his own use and benefit on the 27th day of September, 1887. Carl Emme answered that H. B. Claflin & Co. claimed the identical interest, or estate, sued for by plaintiffs, and prayed that Claflin & Co. be impleaded. Claflin & Co. filed a plea in intervention, claiming the half interest by virtue of the attachment proceedings and sale and purchase thereunder. The intervenors alleged that the conveyance from Pfeiffer to his wife on September 19, 1887, was colorable only, and made with intent to hinder, delay, and defraud the creditors of Pfeiffer; that if said conveyance was bona fide, it substituted Anna for Gustave Pfeiffer as a partner in the business by consent and agreement of both Pfeiffers and Emme, and that the business was continued under said agreement from the 19th of September, 1887, up to time of trial; that the interest sought to be conveyed by the bill of sale from Pfeiffer to his wife Anna, if not the separate property of Gustave Pfeiffer, was the community property of himself and his wife Anna, and liable for his debts.

Plaintiffs replied to the petition in intervention, alleging that the transfer from Gustave to Anna Pfeiffer was bona fide and for a good considera-

tion, and vested the property in Anna as her separate estate; and that the firm of Gustave Pfeiffer & Co. was dissolved on September 27, 1887, and thereupon the said interest of Anna was converted by the defendant Emme.

The trial without a jury resulted in a judgment in favor of plaintiffs against defendant Emme for $749.33, and that intervenors take nothing by their petition.

The court filed separate findings of fact and conclusions of law, to which the intervenors excepted and perfected this appeal.

The first assignment of error is: "The court erred in its finding that the sum of $99.20, received by Gustave Pfeiffer from the business of Gust. Pfeiffer & Co., was received within a few days of the transfer by Gust. Pfeiffer to his wife, for that the undisputed evidence shows that all but $16.50 of said sum was received by him on and after October 12, 1887."

The statement of facts sustains the assignment, but it is not perceived how this erroneous finding could have operated to the prejudice of appellants.

Plaintiffs claimed that the partnership between Mrs. Pfeiffer and Emme was dissolved on the 27th of September, and that Emme on that day converted her interest in the partnership assets to his own use.   The fact that Pfeiffer was receiving money from the firm business after that date tended to disprove plaintiffs' case against the defendant Emme, and he would probably have cause for complaint in this finding of the court against the evidence, but he has not appealed.   Appellants acquired no interest in the assets of Pfeiffer & Co. not included in the levy of the writ of attachment under which they purchased.

We understand appellants to have contended in the court below:   1. That the conveyance by Pfeiffer to his wife of the half interest in the partnership assets and business was colorable only and void as to them. 2.   If the conveyance was not colorable only, but made in good faith and upon good consideration, the interest conveyed was community property and liable for the husband's debt.   3.   If by the conveyance the half interest became the separate estate of the wife, it devolved on her to clearly show by the evidence that the property levied by the attachment was the identical property conveyed to her.

We understand appellants to here insist upon only the last two of these contentions, and we do not think the fact that Gust. Pfeiffer received most of the $99.20 after the date when plaintiffs alleged that the partnership was dissolved tended in any degree to prove either of them.

Whether the property, after the conveyance from Pfeiffer to his wife, was community or separate estate of the wife, he was authorized to look after it and receive money due to the business, and it seems to us immaterial, so far as appellants are concerned, when the partnership between

Mrs. Pfeiffer and Emme was dissolved, or whether it has been dissolved at all.

The second assignment of error is to the effect that the court erred in its findings of fact, in that it assumes that on September 27, 1887, the defendant Emme converted to his own use Anna Pfeiffer's interest in the assets and business of the firm.

If the court erred in the particular indicated by this assignment, it was not prejudicial to appellants, and Emme does not complain.

The fourth and fifth assignments relate to alleged errors in the findings and conclusions of the court with respect to the formation and dissolution of the partnership between Emme and Mrs. Pfeiffer. We think these matters could not have affected the rights of appellants, and therefore can not afford them any ground for complaint.

It appears from the evidence that Gustave Pfeiffer was insolvent at the time he conveyed to his wife his half interest in the business of Gust. Pfeiffer & Co.; that that business was in debt, but solvent; that it was a manufacturing business, in which materials, such as fine woods, glass, and metals, were converted into show cases and sold for profit; that part of the value of the manufactured articles was the labor that was put into them; that Carl Emme, the defendant, was the other partner in said business; that the transfer to Mrs. Pfeiffer was made with the full knowledge and consent of Emme, and that it was understood between the parties that the business should be carried on as theretofore, Mrs. Pfeiffer being substituted for her husband as a partner in the business, and that her husband should be employed at $60 per month to work in the business and watch her interest; that the business was so conducted and carried on until September 27, 1887, or a few days later, when differences arose between Pfeiffer and Emme, the Pfeiffers claiming that Emme had dissolved the partnership and converted Mrs. Pfeiffer's interest to his use, Emme denying that he had either dissolved the partnership or converted her interest; that intervenors on October 6, 1887, levied their attachment on the Pfeiffers' interest in the business, foreclosed their attachment lien, and under judgment of foreclosure had it sold and purchased it; that the business was conducted in due course and regularly carried on from the time of the transfer to Mrs. Pfeiffer until after the levy of the attachment, the assets changing form by converting material into show cases and selling them, just as before the transfer to Mrs. Pfeiffer. There was no evidence offered to show that the estate or assets on which the attachment was levied on the 6th day of October, 1887, was or were the same estate or assets conveyed to Mrs. Pfeiffer on the 19th day of September preceding. Indeed, the evidence showed the property levied was not identical with that conveyed, at least to the extent that material had been converted into show cases, but the extent of the mutations does not appear.

Under this state of facts it is urged that (1) if the conveyance from

Pfeiffer to his wife was made in good faith and upon a good consideration, the interest conveyed was community property when levied on, and passed to appellants by their purchase; and (2) if by the conveyance the half interest became the separate estate of the wife, and was not community property at the time of the levy, it devolved on her to clearly show by the evidence that the identical property conveyed to her was levied and sold under the attachment.

All property acquired by onerous title by either the husband or wife during the coverture is presumed to be community estate, and the burden of proving that it is not rests upon the party asserting that fact.

It seems to be settled by the previous decisions of this court that profits on investments of wife's separate estate are community property and liable for the husband's debts.    Cleveland v. Cole, 65 Texas, 404; Epperson v. Jones, Id., 425; Smith v. Bailey, 66 Texas, 553; Middlebrook v. Zapp, 73 Texas, 29.

If such profits be mixed with the wife's separate estate, in a contest between the wife and a creditor of the husband who seeks to hold the property liable for the husband's debt, the burden is on the wife to show by evidence how much of the property retained its character of separate estate.    Authorities *supra*.    If any part of the estate has undergone mutations, to protect it against liability for the husband's debts it devolves upon the wife to trace and identify it by satisfactory evidence.

We think so much of the estate levied on as represented the profits of the business since the conveyance to Mrs. Pfeiffer was community property, and subject to the levy; and that such profits having been mixed with her separate estate, her failure to show how much of the estate levied remained separate estate, and to trace and identify by the evidence that part of the estate that had undergone mutations, made the entire estate subject to the writ of attachment.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 11, 1890.