### WILLIAM B. MITCHELL ET AL. v. MARGARET J. MITCHELL.

#### No. 3010.

1. **Wife's Separate Property.** — Suit by widow for land claimed to be her separate property. The deeds, however, are in the name of the husband. The husband made a will. It was objected to by defendants that by the will the property had been given to plaintiff upon conditions which had not arisen. The will was probated in another State. *Held*, that the widow's separate interest in the lands could not be affected by any disposition of it attempted by the husband in his will. What effect the assertion of her rights by suit might have upon her claims under the will is not before the court.

2. **Same.**—If a widow's suit for property claimed as her separate estate should fail as to any part of it, as to such part her suit would in no way affect its disposition under the will of her husband.

3. **Suit for Land by Tenant in Common.**—It has been repeatedly held by this court that one tenant in common may maintain an action of trespass to try title against a trespasser without joining his cotenants. See example.

4. **Challenging Jurors — Talesmen.** —A party not having exhausted his challenges when talesmen are summoned as under article 3096, Revised Statutes, has the right to challenge upon being presented with the list of such talesmen as provided by said article. It was error to refuse a party having exercised his right to challenge only to five jurors, to challenge another when talesmen were called to complete the jury.

5. **Evidence of Parties—Statute Construed.**—Article 2248, Revised Statutes, does not apply to a suit by or against a devisee, nor to an heir who is a party, when called by the opposite party.

6. **Charge Should Not Single Out Facts.**—It is improper for the court to single out and give as a charge the effect of particular acts of ownership of the husband as touching the property in controversy, even if the charge is unobjectionable in law.

7. **Separate Property may be Proved by Preponderance in the Testimony.** We see no reason why an issue between the wife and the heirs or devisees of her husband as to whether the property in controversy belongs to her separate or to the community estate of herself and husband, should not be determined as other issues by preponderance of evidence.

8. **Same—Charge Approved.**—This charge of the court approved: "Where deeds to property are made either to husband or wife during marriage such property is presumed by law to be community property, which presumption has to be overcome by evidence reasonably satisfactory to the jury."

9. **Married Woman Can Not Carry on Mercantile Business.** — A married woman is incapable of carrying on alone or as partner or otherwise a mercantile business, even though she may have owned the whole or part of said business at her mar-

'riage. The law regards such business as of the husband for account of the community, and if the separate funds of the wife are invested in such business and become incapable of identification then the community becomes the debtor to the wife for the amount of such funds.

10. **Same—Separate Property of Wife.**—The court properly charged the jury touching property deeded in name of the deceased husband and claimed by the widow as her separate estate "that the land in controversy was the separate property of the wife if it was either paid for by her separate means or was purchased for her by the husband who was her debtor for the purpose of discharging the debt."

11. **Argumentative Charge.** — The court having clearly set forth the issues involved properly refused an argumentative instruction repeating and emphasizing the issues to be decided. See example.

12. **Estoppel.**—The widow procured an administration upon her husband's estate. The administrator having inventoried the property standing in name of the husband, the court properly held that such facts did not prevent her recovering property so inventoried if her separate property.

13. **Costs—Fees of Guardian Ad Litem.**—Suit for land against a minor and others. The court appointed a guardian *ad litem.* The plaintiff recovered against all the defendants. The court allowed a fee of $100 to the guardian, taxed as costs against all the defendants. There appearing no identity of interest between the minor and the other defendants they (the other defendants) should not have been burdened with such costs. The fee should have been taxed against the plaintiff.

14. **Common Source of Title — Will.** — A widow suing the administrator and legatees of her deceased husband against the legatees shows common source of title as to all mentioned in the will by the introduction of it.

15. **Confidential Communications.**—Letters from the husband to the wife containing declarations in her favor are not competent in her favor in a contest with his legatees touching property in litigation. They are confidential declarations. Rev. Stats., art. 2247.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion gives a statement.

*T. M. Joseph* and *Scott & Levi,* for appellants.— 1. The court erred in sustaining the demurrer and exceptions of the plaintiff to the pleas (in abatement and of non-joinder and to require election on part of plaintiff) of defendant Elizabeth A. Mitchell.

2. The court erred in refusing to permit the defendants to make peremptory challenges to the jurors summoned as talesmen. Bill of Rights, sec. 15; Rev. Stats., arts. 3084, 3089–3096; Railway v. Greenlee, 70 Texas, 553; Daniel v. Bridges, 73 Texas, 154.

3. The court erred in permitting the plaintiff to testify as a witness in her own behalf over the objection of defendant Elizabeth A. Mitchell. Rev. Stats., art. 2248; Parks v. Caudle, 58 Texas, 216; Reddin v. Smith, 65 Texas, 26; Simpson v. Brotherton, 62 Texas, 170; McCampbell v. Henderson, 50 Texas, 601.

4. The court erred in admitting in evidence over the objection of the defendant Elizabeth A. Mitchell the letters of James S. Mitchell, de-.

ceased, written to plaintiff during their marriage.   Gee v. Scott, 48 Texas, 510; 1 Greenl. on Ev., secs. 254, 334–340.

5.   The court erred in refusing to submit to the jury the special issues requested by the defendant Elizabeth A. Mitchell.   Mabry v. Harrison, 44 Texas, 286; Collins v. Cook, 40 Texas, 238; Knight v. Railway, 41 Texas, 406; Frost v. Frost, 45 Texas, 324.

6.   The court erred in refusing to instruct the jury as requested by the defendant Elizabeth A. Mitchell in special charge.   [See opinion.] Rev. Stats., art. 2852, 2853; Pearce v. Jackson, 61 Texas, 645; Epperson v. Jones, 65 Texas, 427, 428; Smith v. Baily, 66 Texas, 554, and cases cited; Barziza v. Graves, 25 Texas, 323.

7.   The court erred in refusing to instruct the jury as requested by the defendant Elizabeth A. Mitchell in special charge.   [See opinion.] Miller v. Marx, 65 Texas, 131; Green v. Ferguson, 62 Texas, 529; Claflin v. Pfeiffer, 76 Texas, 469.

8.   The court erred in charging the jury in regard to the evidence necessary to overcome the presumption of community property, as follows:   "Where deeds are made to either husband or wife during marriage, such property is presumed by law to be community property, which presumption is to be overcome by evidence reasonably satisfactory to the jury.   Torrey v. Cameron, 73 Texas, 583; Mead v. Randolph, 8 Texas, 199; Morris v. Hastings, 70 Texas, 28; Schmeltz v. Garey, 49 Texas, 61; Chapman v. Allen, 15 Texas, 283; Love v. Robertson, 7 Texas, 11; Cuney v. Dupree, 21 Texas, 219; Miller v. Thatcher, 9 Texas, 482; McClenny v. Floyd, 10 Texas, 159; Barziza v. Graves, 25 Texas, 323; Bradshaw v. Mayfield, 18 Texas, 21.

9.   The court erred in rendering judgment against all of the defendants, including appellants, for the $100 compensation allowed A. Sampson as special guardian of the defendant Laura B. Mitchell. Rev. Stats., art. 1434; Walling v. Kennard, 10 Texas, 508; Latham v. Taylor, 15 Texas, 247.

10.   The evidence does not sustain the verdict.   Burns v. Ross, 71 Texas, 517; Schmitz v. Garey, 49 Texas, 61; Cox v. Miller, 54 Texas, 17, 25, 26, 28; Parker v. Coop, 60 Texas, 111; Torrey v. Cameron, 73 Texas, 583; Schmidt v. Hoffman, 73 Texas, 112.

*James B. & Charles J. Stubbs,* for appellee.—1.   The claim of appellants that the court erred in sustaining plaintiff's demurrer and exceptions to defendants' dilatory pleas is not tenable, because:

(1) They were not filed in due order of pleading, and came too late after the plea in bar.   We file herewith a certified copy of the original answer, which consists only of a general demurrer, denial, and plea of not guilty.   A plea in abatement filed after an answer to the merits should be disregarded.   Graham v. McCarty, 69 Texas, 323.   Such pleas

must be in due order of pleading. Sayles' Civ. Stats., art. 1262, and note.

(2) Willie, Mott & Ballinger, and F. D. Minor were not proper or necessary parties, but if they had been the ruling was immaterial, as the release of their interest was pleaded and proved.

2. We offer these counter-propositions in reply to the third assignment:

(1) Article 3092 provides that when twelve or more jurors are drawn if either party desire to challenge for cause such challenge shall now be made. Article 3093 provides that when the number of jurors has been reduced by challenge for cause to less than twelve, the court shall order others to be summoned in place of those who have been set aside for cause. Article 3094 provides that if there be remaining twelve names after the challenges for cause, the parties shall proceed to make their peremptory challenges if they desire to make any. The plain purpose of the law is to require peremptory challenges to be made from the regular panel, otherwise there would be no object in making twelve the minimum number from which the two kinds of challenges were to be made. When a party has challenged peremptorily not exceeding six jurors of the regular panel, which shall consist before he challenges of not less than twelve, he has exhausted his right. In other words, he can not withhold some of his challenges and apply them to the talesmen. In this case there were twenty jurors left after the challenges for cause, and defendants were entitled to challenge six of them. The court below held that they could not waive this right of challenge in part and then reassert it against talesmen should it become necessary to summon them.

(2) The bill of exceptions is not explicit. It should have stated that the defendant would have challenged one of the talesmen peremptorily. It is not shown that an objectionable juror remained upon the jury, and unless such fact is made to appear the Supreme Court has decided that the question whether appellant was denied his legal number of peremptory challenges will not be considered on appeal. Snow v. Starr, 75 Texas, 411. In that case defendant and intervenor each demanded six peremptory challenges, which were refused. The six allowed appellants were exhausted, and it was held that, as no prejudice was shown, if there was error it was immaterial. See also Railway v. Terrell, 69 Texas, 650.

(3) This exception was not made a ground of the motion for a new trial, and hence must be considered as waived. Revised Statutes, article 1369, provides that such motion "shall specify the grounds upon which it is founded; and no ground other than that specified shall be heard or considered." District Court Rules 66 and 67 contemplate that when a motion for a new trial is made (and it should be made where there has been a jury trial) that it shall embrace all grounds of

objection to the ruling of the court as well as to the finding of the jury. Pyron v. Grinder, 25 Texas Supp., 160.

3. The fourth error assigned is the action of the court in permitting the plaintiff to testify in her own behalf over the objection of Elizabeth A. Mitchell. This assignment is not maintainable.

Article 2248, Revised Statutes, does not apply to actions by or against a devisee. Elizabeth A. Mitchell is not an heir or legal representative of James S. Mitchell, but a devisee under his will, and our Supreme Court has expressly decided that testimony of a party to a suit as to statements by or transactions with a decedent in his lifetime is admissible when offered in an action by or against his devisees or legatees. Newton v. Newton, 77 Texas, 508, is precisely in point and disposes of this assignment.

4. The defendant Laura B. Mitchell was a competent witness, because:

(1) She was called to testify by the opposite party, which the statute authorizes. Rev. Stats., art. 2248.

(2) Her interest, if any, was not identified with her mother's. Should the latter lose the case—that is, should the property be held to be community—then in the event of the will being set aside the witness, as the adopted heir of James S. Mitchell, would inherit his half of the community estate. Her pecuniary interest was in antagonism to that of her mother. Her declaration on the stand that her interest was identical with her mother's meant only that she wished her success. It could have had no reference to her pecuniary or property interest in the result of the suit. Her interest was also opposed to that of the other defendants.

(3) She was only a nominal party to the suit, and need not have been joined. In Oury v. Saunders, 77 Texas, 279, it was decided that one having no interest in common with parties calling him as a witness, and who, though nominally a party to the suit, has no interest in the result, is competent to testify as to statements and admissions made by a deceased person against his interest at the time they were made. This evidence was admitted against those holding under the deceased as heirs.

5. The court did not err in admitting in evidence the letter of James S. Mitchell written to plaintiff during their marriage.

(1) If privileged communications, only the plaintiff could avail of the privilege. Certainly third persons could not insist that the seal of secrecy should be placed upon correspondence to which they were not parties. Edwards v. Dismukes, 53 Texas, 605; Cameron v. Fay, 55 Texas, 60; Turnley v. Texas B. & I. Co., 54 Texas, 451.

(2) These letters were not privileged in the sense of being confidential, and hence were not obnoxious to the statute, which refers only to confidential communications. Rev. Stats., art. 2247.

(3) They were not irrelevant. They were identified by defendant C. S. Mitchell as letters written by his brother James S. Mitchell, and in the latter's handwriting. They corroborated the testimony of plaintiff's witnesses that in 1884, 1885, and 1886 the business carried on under the name of J. S. Mitchell & Co. was not profitable.

6. It was not error to refuse to submit to the jury the special issues requested by defendant Elizabeth A. Mitchell.

(1) It is within the discretion of the court to submit such issues. The statute does not make it imperative. Rev. Stats., arts. 1328–1331; Cole v. Crawford, 69 Texas, 124.

(2) Appellants were not prejudiced by the failure to submit special issues, because the jury found that all the property in controversy belonged to appellee in her separate right. The charge of the court submitted such questions as were contained in the special issues and were applicable to the evidence. Darden v. Matthews, 22 Texas, 320; McClure v. Sheeks, 68 Texas, 427; Blackwell v. Hunnicut, 69 Texas, 273; Railway v. Redeker, 67 Texas, 189; Cannon v. Cannon, 66 Texas, 682; Supreme Court Rule 26.

7. The special charges upon the nature and amount of testimony to sustain the right of plaintiff as separate property, in so far as they were applicable to the facts in evidence, were embodied in the general charge given by the court. The special charges asked should not have been given for the following additional reasons:

(1) They gave undue prominence to acts of ownership by the husband, such as the disposition of the property by will, etc. It is improper to single out parts of the evidence and direct the attention of the jury thereto. Lee v. Yandell, 69 Texas, 34; Burcham v. Gann, 1 U. C., 333; Railway v. Kutac, 76 Texas, 473.

(2) It required exact and precise identification of the separate funds of the wife invested in business in order to enable her to maintain her claim to such funds as separate property. No such measure of proof is required by the law.

(3) Plaintiff was not seeking to assert claims against her husband for money loaned or other property used by him, and as no such relief was asked the charge requested was inappropriate. The only issues were: (*a*) Were plaintiff's funds used in the purchase of the property sued for; and (*b*) if not distinctly traceable to these investments, then were they made for the purpose of reimbursing her therewith for her separate funds committed to her husband's care and keeping?

8. The court in its charge instructed the jury that the presumption of community property must be overcome by evidence reasonably satisfactory to the jury. Also, "the burden of proof is on the plaintiff Mrs. M. J. Mitchell to prove to your satisfactory belief that the property deeded to her husband was paid for by the separate means or money or property of Mrs. M. J. Mitchell, or that the purchase was

intended to be in payment by the husband to his wife for her separate property or money used or owing by him to his wife." The only difference between these charges and that requested is that the latter required the presumption of community property to be rebutted by clear and satisfactory proof. The court's charge has been, in effect, approved by repeated decisions of our Supreme Court.

In Howard v. Zimpelman, 14 S. W. Rep., 59, it is said: "We are of opinion that to tell a jury that a parol trust must be proven with certainty is calculated to mislead."

In Neyland v. Bendy, 69 Texas, 713, it was held that a charge that the clearest and most positive proof was necessary was improper. "The court had already charged the jury that the burden was on the plaintiff to establish the alleged parol trust to the satisfaction of the jury. If the jury was satisfied the trust must necessarily have been fully and clearly proved, and no further charge on the subject was necessary."

In Miller v. Yturria, 69 Texas, 554, a charge requiring clear and convincing proof to establish an instrument as a mortgage was condemned. So also was the charge in Torrey v. Cameron, 73 Texas, 583, that "when separate property has undergone mutations and changes, it is indispensable to maintain its separate character that it be clearly and indisputably traced and identified."

Prather v. Wilkens, 68 Texas, 190, held it error to instruct the jury, in effect, that the instrument must be regarded as a deed unless the preponderance of evidence clearly shows that it was intended as a mortgage. A preponderance of evidence is sufficient, and the use of the word "clearly" was misleading.

9.   The court did not err in rendering judgment against defendants for the compensation allowed the special guardian of the defendant Laura B. Mitchell. If appellants considered themselves aggrieved by this allowance, they should have moved in the court below to retax the costs, or should have called the attention of the court to it on the motion for a new trial, neither of which was done, and the question can not properly be raised for the first time on appeal. Revised Statutes, article 1211, authorizes this fee to be taxed as part of the costs of the suit.

HENRY, ASSOCIATE JUSTICE.—Appellee Margaret J. Mitchell filed suit in trespass to try title against William B. Mitchell, Charles S. Mitchell, H. Z. Mitchell, Elizabeth A. Mitchell, Laura B. Mitchell, a minor, Mary C. Burbank and her husband H. C. Burbank, Jennie C. Walton and her husband C. Walton, and William R. Johnson, temporary administrator of the estate of J. S. Mitchell, to recover certain real property in Galveston. Judgment was rendered for appellee.

All of the defendants except Laura B. Mitchell appeared and answered by a general demurrer and plea of not guilty. Subsequently the defendants Johnson and Elizabeth A. Mitchell filed amended pleadings as follows:

Defendant W. R. Johnson, temporary administrator of the estate of J. S. Mitchell, deceased, answered "not guilty," and filed an exhibit of the funds by him received and disbursed for account of said estate.

Elizabeth A. Mitchell pleaded in abatement that before suit was brought appellee had conveyed one-fourth part of the premises sued for to Willie, Mott & Ballinger, and F. D. Minor, who owned and claimed such interest and should be parties defendant to the suit. And that these facts were unknown to Elizabeth A. Mitchell until after filing her original answer in the suit, and that she pleaded the matter on first opportunity after learning it. She further pleaded that appellee derived title, if any she had, to the property sued for through her (appellee's) deceased husband, James S. Mitchell, who acquired said property during his marriage with plaintiff. That James S. Mitchell by last will probated in a court of competent jurisdiction in Stearns County, Minnesota, provided that appellee should take the property involved in this suit upon condition that she should accept the same in lieu of all rights which by the laws of Minnesota she would have in the testator's estate, real and personal, and if she should not within such time as might be fixed by the court (meaning a reasonable time) or by law relinquish all her rights under the statute and accept the provisions of the will in lieu thereof, such provision should be null and void and she should receive only such part of his estate as under the laws of descent and distribution she would be entitled to, and all property so intended to be devised to her by said provision, if the same were not so accepted by her and her other rights relinquished, were by the will devised to the defendant Elizabeth A. Mitchell. That though a reasonable time had elapsed since the probate of the will, appellee had failed to make the election imposed upon her by the will as a condition of her taking the property herein sued for, but had sought and was still seeking to avoid making such election and was contesting the probate of the will by proceedings in the Supreme Court of Minnesota, which would be finally heard in said court at its October session, 1889, when and where it was alleged said will would in all probability be finally adjudicated valid as against the contest of appellee. Said defendant charged that the purpose of this suit, pending the contest of said will, was to enable plaintiff by obtaining judgment in this suit to plead the same as *res judicata* against this defendant, when under the provisions of said will she should make claim to said property as reverting to her through the rejection of the terms of the will by appellee, and so appellee would be enabled to reject the will and at the same time claim the property under judgment of this court, obtained before said will could be re-

garded as finally established, all of which was contrary to equity and good conscience. She prayed that this suit be stayed until the contest of said will should be determined, or if the court should rule otherwise, then that it be on condition that the proceedings in this suit should be without prejudice to the rights of said defendant under said will whenever the contest should be determined, and that the proceedings in this suit should be so ordered and directed as to leave open the right of this defendant to claim under the will when finally established. She also pleaded "not guilty" and a general denial.

Appellee demurred and excepted to the special pleas of Elizabeth A. Mitchell, because the plea of non-joinder came too late after answer to the merits, and no sufficient reason was shown why it was not earlier filed; and further, because it was otherwise insufficient in law and because the plea for stay of proceedings could not affect the issues in this suit, and because the will had not been probated in this State, and she also traversed the facts alleged in said pleas and pleaded a release to her by Willie, Mott & Ballinger and F. D. Minor of their interests in the property sued for. The court sustained appellee's demurrers.

Laura B. Mitchell answered "not guilty" by guardian *ad litem* appointed by the court.

Upon the verdict of a jury judgment was rendered in favor of the plaintiff for all of the land in controversy against all of the defendants.

Plaintiff's contention was that the property in controversy was purchased during her marriage with J. S. Mitchell by the said J. S. Mitchell; that while the deeds for the property were made to her husband the purchase money belonged to her separate estate, and that the lands were purchased for her separately and never became the community property of herself and her husband.

The plaintiff before her marriage to J. S. Mitchell was a widow and had some separate property. She was merchandising, conducting a retail produce business. The evidence indicates that before he married plaintiff J. S. Mitchell had very little if any capital. Subsequent to his marriage he conducted a retail produce mercantile business under the style of J. S. Mitchell & Co., in which plaintiff claimed that she owned the capital.

The court did not err in sustaining the plaintiff's exceptions to the pleadings of the defendant Elizabeth S. Mitchell. If the plaintiff succeeds in establishing her title to the whole of the property in controversy as her separate property, her title can not be affected by any disposition made of it by her husband's will. What effect her claiming the property in controversy and establishing her title to it may have upon her right to take property belonging to the estate of her husband and devised to her by his will is not an issue in this suit. If any of the property in controversy belongs to the estate of plaintiff's deceased husband and shall not be recovered by her in this suit, the rights of

his other devisees, if they shall succeed in establishing his will against the opposition of the plaintiff, will not be prejudiced by the result of this suit. If it be conceded that Willie, Mott & Ballinger and Minor own an undivided one-fourth interest in the property in controversy and are tenants in common with the plaintiff, that presents no reason why she may not prosecute this suit to a final judgment. It has been repeatedly held by this court that one tenant in common may maintain an action of trespass to try title against a trespasser without joining his cotenants.

Appellants complain of the following proceedings in the District Court: "The court proceeded to impanel a jury to try the cause from the regular panel for the week during which the cause was called for trial. Challenges to said panel for cause were made and allowed; the remaining jurors, twenty in number, were regularly drawn by the clerk and written as drawn upon several slips of paper which were delivered to the attorneys for the parties to the suit, as provided in articles 3088, 3089, and 3090 of the Revised Statutes. The attorneys made their peremptory challenges to the jurors by erasing from said lists the names of the jurors so peremptorily challenged. The lists were returned to the clerk and the names of the jurors not erased were called off, ten in number, the defendants having peremptorily challenged five of the jurors so drawn. The court ordered the sheriff to summon two talesmen to complete the jury, and the talesmen having been summoned and reported the defendants demanded that their names should be drawn and lists thereof made as in the case of the regular jurors so drawn, and that the defendants be permitted to exercise the right of peremptory challenge upon the two talesmen so far as said right had not previously been exhausted as stated. The court refused the demand in every part and denied the defendants the right of peremptory challenge upon the talesmen so summoned, though defendants had only challenged peremptorily five of the jurors offered to be impaneled, and ordered the two talesmen so summoned to be sworn and impaneled to complete the jury, and it was accordingly done."

The defendants were entitled to six peremptory challenges. Rev. Stats., art. 3084. The statute directs that the names of the jurors shall be drawn by the clerk from the box, and that he shall write their names as drawn upon several slips of paper, which he shall deliver to each of the parties or their attorneys; that when in the District Court there shall not be as many as twelve drawn from the box other qualified persons shall be summoned to complete the panel, "and the names of such persons so summoned shall be placed in the box and drawn and entered upon slips as provided in the preceding article;" that when in the District Court as many as twelve are drawn, and the slips containing their names are delivered to the parties, challenges for cause shall be made if desired; that if the number of jurors is reduced to less than twelve

by challenges for cause other jurors shall be drawn or summoned and entered upon the slips in place of those who have been set aside for cause; that if there remain on the slips after the erasure of those who are challenged for cause twelve names "the parties shall proceed to make their peremptory challenges if they desire to make any;" that "when by peremptory challenges the jury is left incomplete the court shall direct such number of other jurors to be drawn or summoned, as the case may be, as the court may consider sufficient to complete the jury, and the same proceedings shall be had in selecting and impaneling such jurors as are had in the first instance."

The statute plainly requires the same proceedings with regard to the talesmen as are taken in impaneling the other jurors. This includes the right of peremptory challenge if the number permitted has not been already exhausted. The names of the talesmen not being before the party when he passes upon the original list, he has then no opportunity for objecting to a juryman so summoned. With the knowledge that it may become necessary to summon talesmen a party may very properly, when passing upon the original list, exercise the precaution of reserving a challenge, lest upon the list of talesmen he may find a more objectionable juror, not subject to challenge for cause, than any on the original list.

The question here presented arises upon a state of facts different from those in the case of Snow v. Starr, 75 Texas, 414.

There was no error in permitting the plaintiff to testify in her own behalf over the objection of the defendant Elizabeth A. Mitchell, based upon article 2248 of the Revised Statutes. The party making the objection was interested and defending only as a devisee under the will of James S. Mitchell. This court decided in the case of Newton v. Newton, 77 Texas, 508, that in that capacity she does not come within the provisions of said article. The same objection was made, and by the same party, to the admission of the testimony of the defendant Laura A. Mitchell who was called to testify by the plaintiff. The objection with regard to her evidence was not good in any aspect of the case and was properly overruled.

The court charged the jury as follows:

"Community property is that which is acquired by the husband and wife during marriage. Separate property is that which the husband or wife owned at the time of the marriage, and such as is by either of them got during marriage by gift, devise, or descent.

"Where property is purchased during marriage with the separate means of either husband or wife, it still remains the separate property of the spouse whose separate means were so used in the purchase.

"All rents derived from the separate property of either of the spouses is community property, and all moneys and property made in

commercial transactions by either husband or wife is community property.

"Where deeds to property are made to either husband or wife during marriage, such property is presumed by law to be community property, which presumption has to be overcome by evidence reasonably satisfactory to the jury. The burden of proof is on the plaintiff Mrs. M. J. Mitchell to prove to your satisfactory belief that the property deeded to her husband was paid for by the separate means, or money, or property of Mrs. M. J. Mitchell, or that the purchase was intended to be in payment by the husband to his wife for her separate property, or money used, or owing by him to his wife, and all property purchased with such separate means, or purchased with intent to pay the wife for her separate means, would be her separate property. Where separate property in city lots is purchased in such a way as to be separate property, and then resold at a profit, the proceeds of such resale would be separate property.

"The profits made in the mercantile business during marriage, after deducting the family expenses, would be community property.

"The only property in controversy in this suit is the lots and improvements in the city of Galveston as described in the petition, and whatever may be the plaintiff's separate rights therein the will of her husband can not defeat, neither can the will defeat any community rights of the wife in said property. If any of the lots in controversy in this suit were purchased with the separate means of the plaintiff, or purchased with intent on the part of the husband to repay his wife for her separate means used by him, and the husband executed his own notes for the deferred payments, and such notes were paid with the wife's separate means, such property so purchased would be the separate property of the wife."

The submission of special issues to the jury was a matter within the discretion of the court, and we do not think that there was any error in the submission of the cause to the jury in this respect.

Appellants complain of the refusal of the court to charge the jury at the request of the defendant Elizabeth A. Mitchell as follows: "That the plaintiff claimed the property sued for as her separate estate, though acquired during her marriage with J. S. Mitchell. That the law presumes all property acquired during marriage is community property, to whomsoever the conveyance was made, but such presumption may be rebutted by clear and satisfactory proof that the property was purchased with funds belonging to the separate estate of the wife, but if in fact it was not so purchased it would be nevertheless community property and the husband's statements to the contrary would be simply regarded as untrue. Acts of ownership by the husband, such as disposing of the property by will and otherwise dealing with the property as his own and subject to his disposition, are proper to be considered by the jury

in rebuttal of statements made by the husband while living and tending to show that the property was separate estate of the wife."

The charge given by the court fully and clearly explained to the jury the distinction between separate and community property, and made it unnecessary, if not improper, to give so much of the charge requested as correctly stated the law. It was unnecessary and would have been improper for the court to have singled out and given as a charge the acts of ownership referred to in the charge requested, even if it had embodied a correct proposition of law, which we do not think it did in every particular. We do not think that the act of the husband in disposing of the property by his will ought to be received as evidence that the property belonged to his community estate and was not the separate property of the wife. And certainly such evidence, if admitted, should not be singled out by a charge. We can see no reason why an issue between the wife and the heirs or devisees of the husband as to whether the property in controversy belongs to her separate or to the community estate of herself and husband should not be determined as other issues by a preponderance of evidence. Prather v. Wilkens, 68 Texas, 190; Torrey v. Cameron, 73 Texas, 583; Neyland v. Bendy, 69 Texas, 711; Howard v. Zimpelman, 14 S. W. Rep., 59.

The charge requested, that "clear and satisfactory proof" was required to rebut the presumption in favor of the community estate, was properly refused. A better statement to the jury of the rule is the one included in the charge given by the court that "where deeds to property are made either to husband or wife during marriage such property is presumed by law to be community property, which presumption has to be overcome by evidence reasonably satisfactory to the jury."

The court refused to give the following charge at the request of the defendant Elizabeth A. Mitchell: "Under the laws of Texas a married woman is incapable of carrying on alone, or through or with her husband or any other agent or person, a mercantile business, even though she may have owned a part or the whole of said business at the date of her marriage, or though her funds may have been invested in such business in any other form at the date of such marriage. The law regards such business carried on during the marriage as the business of the husband transacted for account of the community estate, and if at the date of the marriage or subsequently the separate funds of the wife are invested in such business, and become in the course of such business incapable of exact and precise identification, then the community estate simply becomes the debtor of the wife for the amount of the funds so invested, and the assets of the business become community property."

Much evidence was introduced during the trial with regard to profits of the mercantile business conducted by the husband under the firm name and style of J. S. Mitchell & Co. Evidence was introduced tend-

ing to show that the wife's capital was invested in the business and also that she was a partner in it. We think the refused charge embraces correct propositions of law and that it should have been given. Smith v. Bailey, 66 Texas, 554; Epperson v. Jones, 65 Texas, 427; Claflin v. Pfeiffer, 76 Texas, 469; Middebrook v. Zapp, 73 Texas, 29.

As the court had charged that "all moneys and property made in commercial transactions by either husband or wife is community property," and in effect that property paid for with the separate means of the wife, or purchased for her by her husband as an intended payment for her separate property or money used by him, would be the separate property of the wife, we can not see how the omission to give the charge could, under the facts proved, have properly changed the result.

The effect of the decisions holding that a married woman can not be interested with her husband as a partner in conducting a mercantile business is to make her a creditor of her husband for the amount of her separate estate invested in the business. The court in effect charged that the land in controversy was the separate property of the wife if it was either paid for by her separate means or was purchased for her by her husband, who was her debtor, for the purpose of discharging the debt. The requested charge should not have been given in this case without such additional charge.

We do not think that the court committed an error by refusing to give the following charge at the request of the defendant Elizabeth A. Mitchell: "This is not an action to enforce against the property involved in this suit the claims or debts of plaintiff against her deceased husband or his property or the community property of plaintiff and her deceased husband; such claims or debts, if any plaintiff has, are to be enforced in another proceeding. This suit is based solely on the claim of plaintiff to the property as her own, and not as that of James S. Mitchell, and if under the instructions given you you find that plaintiff has claims against her deceased husband for money loaned or other property of plaintiff appropriated by him, the existence of such claims affords no ground for plaintiff to recover the property sued for."

The court had already correctly and sufficiently explained to the jury what the issues were that they were to decide, and under that condition if not generally the charge refused partook too much of the character of an argument to be properly given.

The court very properly refused to charge that plaintiff's causing an administration to be opened upon the estate of James S. Mitchell, and the property to be placed in the hands of the administrator so appointed, would have in law the effect of estopping her from recovering such property as her separate estate.

The deeds to the land were in the name of James S. Mitchell. Whether it could be properly administered in his name or not, we see

no reason for attaching to such acts of the surviving wife so grave a consequence as the forfeiture of her title to the property, if it was in fact owned by her.

The appellant complains that "the court erred in its charge to the jury in this, that the said charge assumes as proved that Mrs. Margaret J. Mitchell had separate means at the date of the purchase of the property sued for, or that J. S. Mitchell had used plaintiff's separate means so as to make himself or the community estate liable therefor to plaintiff, and charged the jury upon such assumption as a basis for a finding by the jury that the property sued for had been purchased with the separate means of plaintiff, or that James S. Mitchell purchased the property with intent thereby to discharge such liability of himself or of the community estate, and the charge failed to submit the matters so assumed as substantial issues upon which the jury should find from the evidence."

We do not think that the charge is justly subject to the criticism contained in the objection. On the contrary we think that it leaves the facts referred to to be found from the evidence by the jury.

The defendant Laura Mitchell was the daughter of plaintiff by a previous marriage. She had been lawfully adopted by James S. Mitchell as his heir. She was not mentioned as a devisee in the will of said Mitchell. She was made a defendant by the plaintiff and the record fails to disclose any identity of interest between her and her codefendants. She defended by a guardian *ad litem*, and the court allowed the guardian a fee of $100, which was ordered to be taxed as part of the costs against all of the defendants. We think this was error. As the cost was incurred at the instance of the plaintiff it should have been taxed against her when the minor defendant failed to recover property out of which it could be paid.

It is urged that the judgment was erroneous as to the defendants H. Z. Mitchell, William B. Mitchell, Charles S. Mitchell, Mary C. Burbank, H. C. Burbank, Jennie G. Walton, and C. Walton, because "no proof of title was made prior to James S. Mitchell, nor was it shown that the above named defendants claimed title as heirs, devisees or otherwise under James S. Mitchell or any other common source of title." It was incumbent upon the plaintiff to establish her title from the government or from a common source. None of the defendants disclaimed but all pleaded not guilty. Neither the administrator of James S. Mitchell nor the defendant Laura Mitchell appealed from the judgment. The plaintiff did not pretend to prove title beyond James S. Mitchell. The will of said Mitchell was introduced in evidence and in it all of said defendants except H. Z. Mitchell are mentioned as devisees upon certain contingencies. We think the will was sufficient evidence of common source as to all mentioned in it to make the rule of common source apply to them. In the absence of evidence of title in the plaintiff from the sovereignty of the soil or evidence showing that

he claims under a common source, we do not think a recovery against the defendant H. Z. Mitchell was proper.

Over the objection of the defendant Elizabeth A. Mitchell plaintiff was permitted to read in evidence letters of J. S. Mitchell written to appellee during their marriage and having reference to the business carried on in Galveston, to show that in 1884, 1885, and 1886 said business was unprofitable. Defendant Elizabeth A. Mitchell objected thereto because such communications between husband and wife were privileged by law and it was beyond the power of appellee to waive such privilege, and further because said letters were irrelevant.

In Wharton's Law of Evidence it is said: "Independent of the question of interest the law, in view of the high importance of preserving intact the confidence and security of the marriage state, regards confidential communications between husband and wife as privileged, and refuses to permit either to be interrogated as to what occurred in their confidential intercourse during their marital relations." Sec. 427.

"When the relationship has ceased by death or by divorce the wife * * * is precluded from testifying as to information derived confidentially during marital intercourse. It is otherwise as to non-confidential information." Sec. 429.

Article 2247 of the Revised Statutes reads as follows: "The husband or wife of a party to a suit or proceeding, or who is interested in the issue to be tried, shall not be incompetent to testify therein except as to confidential communications between such husband and wife." The purpose and effect of this statute is to make husbands and wives competent witnesses in every particular except to disclose confidential communications between themselves. That, and that alone, is not permitted. The only question to be determined in any case is, whether the evidence proposed was a confidential communication between a husband and wife. That must be determined either by the subject matter of the communication or the circumstances under which it is made, or by both. Whatever difficulties may exist in laying down a general rule by which to decide when such communications should be treated as confidential, we are of the opinion that letters from a husband to his wife of the character of those now in question should be so treated. We do not think that the death of one of the parties destroys the privilege nor that there exists any difference between verbal and written communications. The wife should no more be permitted to disclose a confidential communication written to her by her husband by introducing his letters in evidence than she should be to testify to confidential statements made to her in conversation with him. We think that the letters should have been excluded.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 3, 1891.