**FERRELL et al. v. MAY.** (No. 1628.)

(Court of Civil Appeals of Texas. El Paso. May 1, 1924. Rehearing Denied May 29, 1924.)

1. **Appeal and error ⬅920(2)—Assumed, on second motion for continuance, based on grounds other than those stated in overruled motion, that grounds alleged in first motion had been eliminated.**

Where a subsequent motion for continuance was based upon grounds other than those stated in the first motion which was overruled, it must be assumed that in the interval between the first and the second motion the grounds alleged in the first had been eliminated.

2. **Continuance ⬅11—Refusal of continuance, based on desire to make one party, held not error, party not being necessary.**

Refusal to grant a continuance, based upon a desire to make a certain person a party to the suit, *held* not error, where such person was not a necessary party and movant was entitled to no relief against such person.

3. **Appeal and error ⬅1043(7)—Refusal of continuance based on illness of witness held harmless, witness having died.**

Refusal to grant motion for continuance, based on inability of ill witness to appear, *held* rendered harmless by subsequent death of witness.

4. **Appeal and error ⬅236(1)—If defendant desired continuance because of death of witness she should have made application therefor.**

If defendant desired to obtain a continuance to secure testimony in lieu of the testimony expected to have been given by a witness who died, she should have presented a proper application therefor when the case was called for trial.

5. **Trespass to try title ⬅32—Petition held not subject to demurrer.**

In a suit in the statutory form of trespass to try title to recover land, petition *held* not subject to demurrer.

6. **Witnesses ⬅140(6)—Statute prohibiting testimony of transaction with deceased held not applicable to devisees.**

Rev. St. art. 3690, prohibiting testimony in certain cases as to any transaction with or statement of deceased, *held* not applicable to devisees.

7. **Limitation of actions ⬅103(2) — Statute held not to run until definite repudiation of trust relationship under which possession was had.**

Where defendant's possession of plaintiff's land was had under an express trust, limitations did not begin to run against plaintiff until the trust relationship was definitely repudiated.

8. **Trusts ⬅94½ — That express trust was fraud on third person held not to transform it into constructive trust as between original parties.**

That an express trust resting in parol was a fraud on a third person did not transform its character from an express to a constructive trust, as between parties to such trust.

Appeal from District Court, Mitchell County; W. P. Leslie, Judge.

Suit by Annie A. May against Iola Ferrell and husband. From the judgment rendered, defendants appeal. Affirmed.

Thomas R. Smith, of Colorado, Tex., for appellants.

C. H. Earnest, of Colorado, Tex., for appellee.

HIGGINS, J. On March 22, 1923, appellee filed this suit against Iola Ferrell and her husband, Harry Ferrell, in the statutory form of trespass to try title to recover 160 acres of land

In the answer filed by the defendants a special exception was directed against the petition upon the ground that it was not indorsed as required by article 7734, Revised Statutes. In evident response to this exception the plaintiff, on April 23, 1923, filed her first amended original petition in the statutory form and properly indorsed. To this the defendant Harry Ferrell filed a disclaimer, and Iola Ferrell answered by general demurrer, general denial, plea of not guilty, three, four, and five years' statute of limitation and setting up one year's possession, payment of taxes, and other expenditures in good faith.

The case was called for trial on April 30, 1923, whereupon both parties announced ready. Plaintiff introduced a partition deed dated June 30, 1913, executed by herself, Iola May, G W. May, and others, conveying the land to the plaintiff. The said Iola May and G. W May are children of the plaintiff; Iola May having subsequently married Harry Ferrell. After introducing this deed the plaintiff rested. Thereupon the defendants introduced a deed from the plaintiff, Annie A. May, to G. W. and Iola May, dated March 30, 1918, conveying to them the land in controversy and then introduced the will of G. W. May and the probate proceedings thereunder, whereby the estate of G W. May passed to Iola May. Thereupon the defendants rested. The plaintiff then in rebuttal undertook to testify that the deed from herself to Iola and G. W. May was in trust, but upon objection by the defendants that the testimony was inadmissible in the state of the pleadings the testimony was excluded. Thereupon plaintiff asked and was granted leave to withdraw her announcement of ready and amend her pleadings. Thereupon on May 1, 1923, plaintiff filed her second amended original petition in the statutory form of trespass to try title and additional allegations to the effect that the deed executed by her to Iola and G. W. May was without

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

consideration, not as a gift or advancement to them, and it was understood between the parties to the deed at the time of its execution that it was solely for the purpose of consummating a loan and borrowing money on the land; that on said date she was in need of money and had applied for a loan on the land, which was rejected because of her advanced age, but with the suggestion that if she would convey the land to Iola and G. W. May the loan would be made. Whereupon she executed the conveyance for the purpose of placing the legal title in the name of Iola and G. W. May for the sole purpose of effecting such loan and that thereafter she had been in possession of the land, collecting the rents from the same up to January 1, 1922, exercising all the rights and privileges as owner thereof, rendering the property for taxes in her name for the years 1918, 1919, 1920, 1921, and 1922, and that the defendant, and those under whom she claims have been holding the land in trust for plaintiff.

She prayed that a trust in her favor in the land be established, the deed of March 30, 1918, canceled, and for recovery of title and possession of the land.

On the same day this amendment was filed appellant filed a motion for continuance upon the ground of surprise and asked that the case be continued for the term in order that she might prepare pleadings and procure evidence to meet the allegations made.

This motion was overruled, but the case was postponed for trial until May 15, 1923. On May 12th, appellant filed her third amended original answer containing the same defensive matter as heretofore indicated and a cross-action against the plaintiff and one Floyd Shock setting up the execution of the deed from the plaintiff to G. W. May and Iola May and alleging the execution by Iola May and G. W. May to Shock of certain notes secured by deed of trust on the land, the proceeds of which notes were received by plaintiff and that Iola and G. W. May had paid certain of the notes aggregating $1,753.90, and that she was still liable for the payment of two unpaid notes, and in the event plaintiff recovered the land appellant, Iola Ferrell, would be liable for the payment of such unpaid notes, and prayed that Floyd Shock be made a party to the suit and that the rights of all parties be adjudicated, and for judgment quieting her title to the land and in the alternative, if plaintiff recovered the land that she have judgment against the plaintiff for the sums theretofore paid and against plaintiff and Shock canceling the unpaid notes, or, if cancellation be denied, that she have judgment against plaintiff for said sums and interest and against the appellee and Shock reforming the deed of trust and notes so as to make appellee primarily liable for the payment of the unpaid notes, and that Shock be compelled to resort first to the land and in the event that appellant was compelled to pay off any of the notes she be subrogated to all the rights of Shock.

On May 14, 1923, a cyclone visited Mitchell county causing great property destruction the loss of life and the court of its own motion reset the case for May 23, 1923, during the last week of the term. On May 17th appellant filed her application for a continuance upon the ground that Shock was a necessary proper party to the suit and that one of her material witnesses, Henry Graham, was seriously injured in the cyclone and would be unable to testify. On may 18th the court overruled the application. On the same date plaintiff filed a trial amendment alleging that it was agreed by her, G. W., and Iola May that the conveyance by Annie A. May was made solely for the purpose of procuring a loan on the land and with no intention of giving or selling the land, and until within 12 months prior to the filing of the suit G. W. and Iola May acquiesced in this, and that it was distinctly understood and agreed by the parties to the conveyance that the land was to be held in trust by the grantees for the benefit of this plaintiff, their mother, until such time as she should require a reconveyance; that plaintiff at divers times asked for a reconveyance and G. W. May never declined to reconvey and up to the time of his death recognized the property as belonging to plaintiff; but the defendant, Iola Ferrell, when approached on the subject always had some excuse for not reconveying, not on the ground that the property belonged to her, but that the time for reconveyance was inopportune because of the mortgage deed and not until Christmas, 1922, did she positively decline to reconvey.

Other allegations in the trial amendment related to the acts of Iola May, relied upon as excusing the plaintiff for not sooner asserting her right.

The appellee also filed a supplemental petition containing general and special exceptions to the cross-action. The case was called for trial on May 23d and the appellant forced to trial. The case was tried without a jury and judgment rendered in favor of plaintiff for the title and possession of the land against Iola Ferrell and for cancellation of the deed of March 30, 1918, and in favor of Iola Ferrell establishing a lien on the land to indemnify her by reason of her personal liability on three of the unpaid mortgage notes held by Shock in the sum of $260, each. Upon his disclaimer judgment was rendered discharging Harry Ferrell.

The above statement of the case is based upon the statement contained in the appellant's brief. She has presented 38 assignments of error, followed by 28 propositions, and it would prolong this opinion beyond all reason to discuss the same in detail, and we shall announce our conclusions briefly.

[1, 2] 1. The first question relates to the action of the court in overruling the first application for a continuance which was filed on May 1st, after the filing by the plaintiff of her second amended petition. It is asserted that the allegations in that petition, with reference to the trust character of the deed executed by the plaintiff to Iola and G. W. May, was a surprise and she should have been given sufficient time to prepare pleadings and evidence to meet the same. Had the court forced the appellant to trial at that time, there would be some merit in this contention, but this was not done. The trial was postponed to May 15th, and later again postponed to May 23d. On May 17th an amended motion for continuance was presented. In this motion two grounds are asserted: First, so that Shock might be made a party defendant: second, on account of the absence of Henry Graham, a witness upon the issue of whether the defendant was holding the land in trust for her mother. This latter motion predicates no right upon the ground of surprise, and it must be assumed that in the interval between May 1st and the 17th, the ground of surprise had been eliminated and we are confined to the merits of the amended application. So far as the application is based upon the desire to make Floyd Shock a party the matter presents no error, because he was certainly not a necessary party and appellant was entitled to no relief against Floyd Shock. The judgment rendered has afforded her every protection that she could be afforded against her liability to Shock upon the unpaid mortgage notes.

[3] In approving the bill taken to the overruling of the amended application for continuance the court qualified the same with the statement that the witness Henry Graham was dead on May 23d, when the appellant was forced to trial. Under these circumstances no possible injury resulted to the appellant from the refusal of the court to grant the continuance. It is true the application was in the statutory form of the first application, but it would have been wholly useless to continue the case on May 23d when it was brought to the court's attention that the witness had died whose testimony was desired.

The court may have erred on the 18th of May in refusing the continuance on account of the inability of the witness to appear, but the subsequent death of the witness rendered the error harmless.

[4] In one of the propositions relating to this matter it is asserted that, since the witness had died after the application for a continuance was overruled on the 18th, the application should have been granted for the purpose of securing other testimony in lieu of the testimony expected to have been given by said witness. In response to this it is sufficient to say that, if appellant desired to obtain a continuance upon this ground, she should have presented a proper application therefor when the case was finally called for trial on May 23d.

[5] 2. The petition is not subject to general demurrer. As to the special exceptions the error, if any, in overruling same is harmless.

[6] 3. Error is assigned to the action of the court in permitting appellee to testify to transactions with G. W. May and admissions by him tending to show that he was holding the land in trust for appellee and had never repudiated his trust capacity. The objection was that the testimony was in violation of article 3690, R. S. The interest of G. W. May passed to appellant by his will. The statute has no application to devisees. Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705.

The evidence of plaintiff as to the earnings of appellant at and after the execution of the deed was probably subject to the objection urged against it, but the error, if any, in admitting the same was harmless, especially in view of the fact that the trial was without a jury.

The same observation applies to the evidence referred to in the fifteenth assignment and thirteenth proposition.

[7, 8] 4. The assignments and propositions relating to limitation are all without merit. The statute did not begin to run until the trust relationship was definitely repudiated, which occurred shortly before the institution of this suit. This was not a constructive trust in which an adverse claim of right from the beginning is presupposed (Cole v. Noble, 63 Tex. 432), but an express trust resting in parol. There was no fraud perpetrated upon Floyd Shock as asserted by appellant, and, if there had been, this, as between the appellant and appellee, would not have transformed the character of the trust from express to constructive.

In asserting that a fraud was perpetrated upon Floyd Shock appellant must have overlooked the fact that the title was placed in G. W. and Iola May at the suggestion of Shock's agent and because Shock did not desire to make the loan direct to appellee on account of her advanced age.

5. Upon all material issues of fact in the case the evidence is ample to support the trial court's findings and the judgment rendered.

The foregoing conclusions control all questions presented.

Affirmed.