## A. B. RICHARDS MEDICINE CO., Inc., v. JENNINGS. (No. 112.)*

(Court of Civil Appeals of Texas. Eastland. Feb. 5, 1926. Rehearing Denied March 12, 1926.)

1. **Husband and wife ⬤═➤257, 262(2)—Profits on investments of wife's separate estate are community property, liable for husband's debts, and burden is on wife to show how much retained original character or to trace and identify any part which has undergone mutations.**

Profits on investments of wife's separate estate are community property and liable for husband's debts, and, if mixed with separate estate, burden is on wife, in contest with husband's creditor, to show how much remained of separate estate or to trace and identify any part which has undergone mutations.

2. **Husband and wife ⬤═➤91, 203.**

Wife may conduct business and sue and be sued in her own name, without complying with Vernon's Sayles' Ann. Civ. St. 1914, arts. 4629a–4629d.

Appeal from Eastland County Court at Law; Tom J. Cunningham, Judge.

Suit by Mrs. E. M. Jennings and husband against A. B. Richards Medicine Company, Incorporated, and another. Judgment for plaintiff named and named defendant appeals. Affirmed.

C. Huggins, of Sherman, and Harry Brelsford, of Eastland, for appellant.

L. H. Flewellen, of Ranger, for appellee.

LITTLER, J. On the 19th day of November A. D. 1923, the A. B. Richards Medicine Company, Incorporated, recovered judgment against E. M. Jennings, in the justice court of Grayson county, Tex., for the sum of $96.60.

E. M. Jennings had been engaged in the mercantile business in Grayson county, Tex., and his wife, Mrs. E. M. Jennings, was engaged in the mercantile business in Eastland county, Tex.

Richards Medicine Company had secured an execution against the goods, wares, and merchandise in the store conducted by Mrs. E. M. Jennings, and placed same in the hands of C. V. Hamilton, with instructions to levy upon said goods.

Mrs. E. M. Jennings, joined by her husband, filed application in the court at law of Eastland county, praying for an injunction restraining said officer and the said medicine company from levying on her said property, claiming that the same was her own individual and separate property, and was not, therefore, subject to the debts of her husband.

The county judge at law granted a temporary injunction, and thereafter, upon the hearing of the facts, made same permanent, from which judgment of the court, appellant has appealed to this court. The lower court filed the following findings of fact and conclusions of law:

"I find that Mrs. E. M. Jennings' father gave to her, the plaintiff Mrs. E. M. Jennings, when she married E. M. Jennings $500 in money and three cows and two horses, which said cows and horses were later sold for $515 as her separate property; that there was no increase in said cows and horses; that the said Mrs. E. M. Jennings kept said $1,015 in money on deposit in the banks of Ranger, Tex., in her individual name; that she always handled said money herself, and never mixed or mingled same with any of the community property or community money of herself and husband, E. M. Jennings; that about two years ago, to wit, on or about April 7, 1923, Mrs. E. M. Jennings opened up a small suburban grocery store in Ranger, Tex., and invested about $500 of her individual and separate money in said grocery store, and that none of the community money or property and none of the separate money or property of the said E. M. Jennings, was invested in said store or business; that Mrs. E. M. Jennings did all of the buying and selling and managed said grocery store and business as her individual property, and that said grocery store and business is registered in the fictitious name register of Eastland county, Tex., in her individual name; that she has failed to make any profits in said store and business, and in fact said business has proven to be a loss to her, and has been operated at a loss to her, and that, of said $1,015 originally possessed by her, she has only about $300 or $400 in money and stock at the present time; that she was in no way connected with the suit in Grayson county, Tex., wherein A. B. Richards Medicine Company, Inc., sued her husband, E. M. Jennings, and that the goods purported to have been purchased by the said Jennings from the said A. B. Richards Medicine Company, Inc., were not purchased for her or for her store at Ranger, Tex., but were purchased by the said E. M. Jennings

store that he had been operating at La Casa, Stephens county, Tex., which said store in Stephens county had been closed out and abandoned by the said E. M. Jennings before Mrs. E. M. Jennings had ever opened up and begun operating her grocery store at Ranger, Tex.; and that none of said goods purported to have been purchased from said medicine company were ever in the store of Mrs. E. M. Jennings at Ranger, Tex.

"Conclusions of Law.

"The grocery store and business at Ranger, Tex., was and is and has always been the separate property of Mrs. E. M. Jennings, plaintiff herein and that she has made no profits whatsoever from said store and said business; and therefore said store and said business are not subject to execution to satisfy any judgment or debt against her husband. Neither the separate property of the wife, nor the rents from the wife's separate real estate, nor the interest on bonds and notes belonging to her, nor dividends on stock owned by her, nor her personal earnings, shall be subject to the payment of debts contracted by the husband."

There is only one question to be passed upon by this court, and that is as to whether or not the court erred in his findings of fact to the effect that the property was the individual property of Mrs. E. M. Jennings, and therefore not subject to the debts of her husband.

The evidence shows conclusively that Mrs. Jennings received $1,015 from her father with which original stock of goods was purchased; that her husband had never contributed anything towards purchasing merchandise for this store; that Mrs. Jennings did her own work, looking after and attending to the grocery business; that, while she sold goods at a profit, yet, on account of bad debts and failure to collect, at the time the injunction was granted, she only had a little over $300 worth of merchandise and about $48 in money. From the facts above shown, it cannot be contended that there was any increase to her original capital.

[1] Appellant has cited many cases, commencing with Claflin et al. v. Pfeiffer et al., 13 S. W. 483, 76 Tex. 469, to the effect that profits on investments of a wife's separate estate are community property and liable for the husband's debts, and, if the profits be mixed with the wife's separate estate, in a contest between the wife and the husband's creditor, the burden is on the wife to show how much of it retained the character of separate estate, or, if any part of it has undergone mutations, to trace and identify it. This is a sound proposition of law, and the only question in the case at bar is as to whether or not there were any profits on the investment.

The lower court found that the property was the separate property of the wife; that no profits had been made in the grocery business run by her. We conclude that the evidence was sufficient to justify the findings of the court.

[2] Appellant contended that appellee had no authority to engage in business without complying with articles 4629a–4629d (Vernon's Sayles' Ann. Civ. St. 1914), and therefore could not sue and be sued or conduct a business in her own individual name. This question seems to be well settled adversely to appellant in the case of Cauble v. Beaver-Electra Refining Co. (Tex. Sup.) 274 S. W. page 120.

We conclude that the court did not err in rendering judgment for appellee, and judgment of the lower court will be affirmed.

