KEESE, Adm'r of CAMPBELL, vs. SWIFT AND NEILL — Appeal from Gonzales County.

The appellant is not required to bring up the transcript of the record to the term of the supreme court immediately succeeding the term of the district court at which the judgment was rendered, provided the appeal was not consummated by filing the appeal bond, until after the commencement of the term of the supreme court.

But if the transcript be not filed with the clerk within the three first days of the succeeding term, the appeal will be dismissed, unless satisfactory cause be shown for the failure.

WEBB for appellant.

NEILL and HOWARD for appellee.

Opinion of the court by Mr. Justice LIPSCOMB.

In this case, the appellees, by counsel, have entered a motion to dismiss the cause from the docket. First, because the appeal was not filed at the December term, 1847. The decree from which the appeal was taken was rendered on the 4th of December, 1847, by the district court of Gonzales county. If that court continued its session two weeks, the period of time allowed to it by law, it did not adjourn until the 11th day of December. The last term of this court commenced its session on the 13th of December, two days after the time we must

presume the district court of Gonzales adjourned; consequently, the judgment was not rendered during the session of this court. By the 22d section of the act to organize the supreme court, if the judgment had been rendered, or a writ of error taken out, during the session of the supreme court, it might have been brought up immediately for revision or decision. [Acts 1st Sess. Leg.] It was not, however, obligatory on the party to bring it up in that way; and as the 136th section of the act to regulate judicial proceedings in the district courts allowed the appellant twenty days, in cases of appeal, to file his bond, the appeal was not consummated until the bond was filed. In this case, the bond was filed and approved on the 17th of December, 1847. It would seem clear, then, that in no aspect, whether the time of taking the appeal is to be fixed at the adjournment of the court or the filing of the bond, could the case have been returned at the last term, under the 22d section above cited. I have referred to the 22d section because the appellee seemed to suppose that under it the appellant was bound to have brought up his record to the last term of the court; and I have shown that, under that section, he was not bound to bring it to that term, but that the present term was the term to which it might be returned, because this is the first term succeeding the filing of the appeal bond. That section has been repealed by the legislature at its last session; and under the present law, an appeal taken, or a writ of error sued out, during the session of this court, must be returned to the next term   We believe, therefore, that this ground of the appellee's motion to dismiss must fail.

On the second ground, it must be granted that the transcript of the record was not filed with the clerk of this court within the three first days of the term; nor has any reason, satisfactory to the court, been shown for such failure.

Motion to dismiss granted.

In this case Mr. Justice WHEELER delivered a separate opinion, as follows:

I am of opinion that the notice of appeal, *prima facie*, has reference to the term of this court next after notice given; and

that the appellant may then bring up the case. But as he is allowed twenty days within which to give bond, I do not think he ought to be required to bring up the record until after that period, or until after he shall have given bond. He ought, I think, to be allowed the twenty days to determine whether he will give bond at all; for he may, upon reflection, decline prosecuting his appeal. Where the appeal bond was not required to be given, and was not given until after the commencement of the term of this court, I think that (especially where the cause is brought from a distant county) a sufficient excuse for not having filed the record here within the term of three or thirty days prescribed by the statute. Yet I think the giving of the bond has a relation back to the time of the notice, so that the appeal may be considered as then taken, for all the purposes of a trial at this term, when the rights of the parties to a full hearing upon the merits will not be prejudiced thereby. Where the bond was not given until after the commencement of this term, I am averse to a dismissal of the appeal, or an affirmance of the judgment without regard to the merits, on the ground that the record was not filed in time. But if the case has been brought up, and the parties are represented in court, I see no objection to our proceeding to try the cause at the present term. I am inclined to this construction as favoring most the right of appeal, and as most effectually carrying out the spirit of the laws by which that right was intended to be guarantied and secured.

I am satisfied with the judgment in the present case; and I give these views for the reason that we are almost daily passing upon cases in which these questions arise, and upon which it is not our practice to give opinions.