## GEORGE T. HOWARD v. MARY E. YORK.

The increase, during the marriage, of cattle which are the separate property of the wife, are community property.

Appeal from De Witt. Tried below before the Hon. Fielding Jones.

The facts appear from the Opinion.

*W. S. Glass*, for appellant. The language of the Act of 1848 implies a negative of that which is not affirmed, and makes the increase of animals a part of the community of acquests and gains. At all events, the statute does not expressly make such increase separate property; nor can such a conclusion be fairly inferred from any of its provisions. The most that can be said for the wife is, that the statute is silent upon the subject. By the Common Law all the personal property of the wife, when reduced to possession, becomes the absolute property of the husband. By the Spanish Law, the increase, during marriage, of animals, is community property. (Ducrest v. Bijeau, 8 Martin, La. R. N. S. 192; Frederic v. Frederic, 10 Martin, 188; Gonor v. Her Husband, 11 Rob. R. 527; Bonner v. Gill, 5 La. An. R. 630.) Whether therefore we take the statute, the Common Law or the Spanish Law as the rule of decision, the cattle were liable to the execution.

*S. C. Lackey*, for appellee. It is contended by the appellee,

that where the property of either husband or wife is preserved in "specie or in kind," or where such property undergoes a change by the laws of Nature, and can be clearly traced, such property still maintains its separate character.

It has been held by repeated decisions of this Court, that where property is purchased with the separate money of one of the parties, it remains the separate property of that party with whose money or property it was purchased. (Love v. Robertson, 7 Tex. R. 6; McIntire v. Chappell, 4 Id. 187.) And it does seem that it follows *a fortiori*, that the progeny or offspring of the original stock, which was brought into the marriage as separate property, should also be the separate property of that party, to whom such original stock belonged.

It seems to be a well settled principle of law laid down by this Court, that "where separate property can be clearly and indisputably traced and identified, its distinctive character will remain." (Rose v. Houston, 11 Tex. R. 324.) And it is contended that this decision has reference, and will apply, to the increase of separate property, as well as to property taken in exchange for separate property. The separate property in each case has undergone a change and conversion.

The statute is sufficiently clear, in saying that the property which each party brings into the marriage shall remain his or her separate property. The original stock being gradually merged into the increase, until now the whole of appellee's estate consists of the increase of the original stock, and notwithstanding, the property (in the language of this Court "is clearly and indisputably traced and identified," yet it is contended by the appellants, that it is reduced to community property. If the latter be the true construction of the statute, then is this the most unequal and unjust of all laws. Because one person's estate may consist of slaves, and another's of equal value may consist of stock, while the separate property of one will increase in wealth, that of the other is gradually diminishing and being merged into the property of another.

In the case of Rose v. Houston, 11 Tex. R., this Court seems to have laid it down as a general proposition, that "to maintain the character of separate property, it is not necessary that the property of either the husband or wife, should be preserved in specie or kind. It may undergo mutations and changes, and still remain separate property; and so long as it can be clearly and indisputably traced and identified, its distinctive character

will remain." In this case the property of appellee has only undergone a change of its component parts, and not a change of character either in regard to its title or to its kind.

ROBERTS, J. It is agreed by the parties, that the only question in the case is, whether the increase of a stock of cattle is separate or community property, the wife having the separate property in the original stock.

The Court below decided that the increase of the cattle, during the marriage, was also separate property.

Upon the adoption of the Common Law, the marital rights known to that system were not entirely introduced. The community and separate interests of the parties were retained, in our jurisprudence, by statute. The Act of 1848, in 2d Section, first defines the separate property of the wife as follows: All property, both real and personal, owned or claimed by her before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands or slaves thus acquired, shall be the separate property of the wife. Then in the 3d Section, it defines the community property to be all property acquired during the marriage, except that which is acquired in the manner specified in the second Section of that Act, (as above stated in relation to the wife.) (Hart. Dig. Art. 2421–2.)

The increase of cattle is an acquisition of property in a manner not specified in the said second Section, and is therefore made by the statute community property. This was held to be the rule by this Court under the Spanish civil law, as it existed here previous to the adoption of the Common Law. (See case decided at last Galveston Term.) The same rule obtains in Louisiana; where the separate and community interests of the wife are recognized as a part of their marital rights. (Ducrest v. Bijeau, 8 Martin, N. S. 192; Frederic v. Frederic, 10 Id. 188; Gonor v. Her Husband, 11 Rob. R. 527; Bonner v. Gill, 5 La. An. R. 630.)

The language of the statute in preserving to the separate property " the increase of all lands and slaves," impliedly negatives the idea that the increase of any other property becomes separate property. This preference is given to an investment in lands or slaves, on account of their permanent and valuable character, which does not apply with the same force to any other species of property.

We are of opinion that the Court below erred in the instruc-

tion given to the jury, and therefore the judgment is reversed and cause remanded.

Reversed and remanded.