[No. 724.  Decided February 18, 1893.]

W. A. FREEBURGER AND FANNIE Q. FREEBURGER, *Appellants*, v. W. L. GAZZAM *et al.*, *Respondents*.

LEVY OF EXECUTION — CLAIM OF TITLE BY MARRIED WOMAN — PLEADING.

Where the separate property of the wife has been seized upon an execution against her husband, and she sets up claim of title by affidavit, under §491, Code Proc., it is not necessary for her to plead the evidence of her ownership.

*Appeal from Superior Court, Mason County.*

*W. I. Agnew,* and *M. J. Gordon,* for appellants.

*C. W. Hartman,* for respondents.

The opinion of the court was delivered by

STILES, J.—This was a case similar to *Freeburger v. Caldwell, ante,* p. 769, except that the proceeding was initiated by affidavit under Code Proc., chap. 4, title 8. The first affidavit was sufficient to try the case upon. It stated that the property belonged to the claimants, and was verified by one of them. Sec. 491 does not require the evidence of ownership to be pleaded, as was attempted in the subsequent amended affidavits, and all that was attempted was surplusage. Everything that was necessary to sustain the allegation of ownership could be shown under either of the affidavits; and if it was true that Mrs. Freeburger had funds accumulated in the State of Kansas which were there subject to her own disposition, and were not liable for her husband's debts, and she brought them to this state and invested them in these goods, the goods are not community property or subject to the husband's debts here. Whatever the property may have been called in Kansas, it was in effect her separate property, and the laws of this state

do not undertake to change the status or liability of such property merely by its coming across our border. Having alleged in the amended affidavit that Mrs. Freeburger was a married woman, the only proper additional matter was that the interest which she had was her separate property. *Thomas v. Desmond*, 63 Cal. 426.

The value of the property was laid at $218, which gives this court jurisdiction.

The judgment must be reversed, and a trial had. So ordered.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur