## BROADWELL v. BANKS.

(Circuit Court, D. Missouri, S. W. D. January 10, 1905.)

### No. 8.

1. LANDLORD AND TENANT—RENTS—DEVOLUTION AT LESSOR'S DEATH—CHARACTER AS REAL OR PERSONAL ESTATE.

In the absence of statute, rents which accrued during the lifetime of the lessor, or which have accrued at the time of his decease, are personal property, and pass to his personal representatives as assets of the estate, and not to his heirs at law or a legatee under his will; and, in the absence of any contrary statute or testamentary provision, the rents accruing after the lessor's death go to his heirs or devisees, and are not assets in the hands of his personal representative.

2. EXECUTORS AND ADMINISTRATORS—POWERS—ASSIGNMENT OF CLAIMS.

While at common law an administrator or executor may assign, sell, and transfer the choses in action of the estate, yet by statute in Ohio this power is taken away, except as to the sale of desperate claims, and bonds and stocks necessary to be sold to pay debts; and under that statute a purported transfer to the residuary legatee by the executor, on his

own motion, and before final settlement and distribution by the court of probate, of a claim for rentals accruing during testator's lifetime, when not within any of the statutory exceptions, is unauthorized, and confers on the transferee no right of action.

**3.** LAND—CHATTEL INTERESTS—WHAT LAW GOVERNS.

The lex loci 'rei sitæ governs chattel interests in land and real estate.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Property, § 3.]

**4.** CONTRACTS—WHAT LAW GOVERNS—LEASES OF REAL PROPERTY.

Where demised premises were located in Ohio, and the lessor and the lessee resided there at the time of the execution of the lease and at the time of their death, the contract of lease was an Ohio contract, and the right of a legatee and devisee of the lessor to sue an administrator of the lessee for rents was determinable by the law of Ohio.

**5.** LANDLORD AND TENANT—CHARACTER OF LESSEE'S ESTATE—DEVOLUTION ON ADMINISTRATOR—STATUTE MODIFICATIONS.

At common law an estate for years in lands, even though the term is for a longer period than the tenant's life, is personal property, and on the death of the tenant goes to his administrator and executor; but by a statute of Ohio personal leasehold estates renewable forever are made subject to the law of descents governing estates in fee, and therefore descend to the heirs at law of the lessee.

**6.** SAME—PERPETUAL TERMS—LIABILITY FOR RENT.

Where a lease, renewable forever, contained an express covenant on the part of the lessee to pay rentals during the term, the death of the lessee did not, under the Ohio statute, subjecting leasehold estates renewable forever to the law of descents and distributions governing estates in fee, convert the term into a life estate, and the lessor could pursue the estate of the deceased lessee for recovery of accruing rentals so long as there could be found assets of the estate subject thereto.

**7.** COVENANTS—BREACH—ACTIONS—SUITS BY ASSIGNEES.

At common law an assignee of the covenantee could not maintain an action of covenant, as privity of contract does not exist, and privity of estate alone is not sufficient to sustain the action. This rule was changed in England by St. 32 Henry VIII, c. 10, and in Ohio, while the statute of Henry VIII has not been adopted, yet the same object is accomplished by the Code of Civil Procedure, which authorizes suit by the party beneficially interested, and hence empowers the assignee of a covenant to sue in his own name.

**8.** SAME—COVENANTS RUNNING WITH LAND.

A covenant, on the part of a lessee in a lease renewable forever, to pay rent, runs with the land.

**9.** SAME—ASSIGNEES—DEVISEES OF LAND.

A devisee of land, subject to a perpetual lease, is an assignee of the lessor in respect to a covenant on the part of the lessee to pay rent, and as such may, under the Ohio Code of Civil Procedure, sue the lessee or his representatives for a breach of the covenant.

**10.** JUDGMENTS—RES JUDICATA—RES INTER ALIOS.

A judgment rendered in a suit by the assignee of the lessor against an assignee of the lessee, in order to enforce the lien given by the lease for the payment of rentals, is, as to the original lessee and his representatives, none of whom were parties to the suit in which the judgment was rendered, res inter alios acta, and inadmissible for any binding purpose in a suit by the assignee of the lessor against the original lessee to recover on the covenants of the lease.

**11.** COVENANTS—PAYMENT OF TAXES—ACTION BY ASSIGNEE.

A covenant on the part of the lessee in a perpetual lease to pay taxes is not a collateral covenant, but adheres to the enjoyment of the thing demised, and a devisee of the lessor may, under the Ohio Code of Civil Procedure, sue thereon in his own name.

**12. SAME—BREACH.**

A covenant on the part of the lessee to pay taxes is not one of indemnity, and the cause of action to recover the same accrues to the lessor or his assigns upon breach of the covenant, caused by the mere failure to pay the taxes.

**13. SAME—REPRESENTATIVES OF COVENANTOR—LIABILITY.**

The fact that covenants in a lease do not contain the words "assign or assigns," in reference to the obligations of the covenantor, does not make the lease any the less obligatory upon the heirs or administrator of the covenantor.

## On Demurrer to Petition.

On the 2d day of March, 1867, Samuel J. Broadwell and wife made a lease of certain real estate in the city of Cincinnati, Ohio, to one William W. Dawson for a term of 99 years, renewable forever; the rentals payable at specified periods during each year. The lessor and the lessee were both citizens of Hamilton county, Ohio, at the time of the execution of said lease, and so resided there until their respective deaths. Said Samuel J. Broadwell died in July, 1893, testate, and the Union Savings Bank & Trust Company of said city was duly appointed and qualified as his executor. By the terms of his last will, and codicil thereto, he devised the leased premises to the plaintiff, his wife, together with all his personal property remaining after the payment of debts and certain legacies. The plaintiff, pursuant to the laws of said state, elected to take under the said will. Said William W. Dawson entered into possession of said premises under said lease, and so continued until his death, on the 16th day of February, 1893. Thereafter his heirs at law continued in possession of said premises until the 12th day of November, 1896. Upon his death one Joshua M. Dawson was appointed administrator of his estate by the probate court of said county of Hamilton, and qualified and acted as such. At the time of the decease of said William W. Dawson he was possessed of certain property in the county of Barton, state of Missouri; and on the 20th day of November, 1900, the defendant William R. Banks was by the probate court of said Barton county appointed administrator of the estate of said William W. Dawson in the state of Missouri, and said Banks duly qualified and is acting as such administrator. Said Joshua M. Dawson, as administrator, paid to the plaintiff $2,140 upon account of rents and interest, and the said Joshua M. Dawson, as administrator, instituted proceedings in the probate court of said Hamilton county against the heirs at law of said William W. Dawson, and obtained an order of sale from said court to sell certain parcels of real estate belonging to said Joshua M. Dawson for the payment of the debts of the estate, and on the 11th day of November, 1896, said court confirmed the sale, which had been made by said Joshua M. Dawson, as such administrator, to one William W. Thomas, of said leasehold estate, who received in due form a deed therefor, and the said Thomas entered into possession thereunder of said leasehold premises and estate, and continued in possession thereof until the 1st day of April, 1902. Neither the said Thomas nor the heirs of said William W. Dawson having fully paid the rentals which accrued during said Thomas' tenure of the premises, the plaintiff, on the 14th day of February, 1901, brought suit in the superior court of Cincinnati, in said county of Hamilton, against said Thomas and others, to enforce the lien given by said lease to secure the payment of rentals reserved thereby, and under the proceedings had therein a receiver was appointed to collect and hold the rents, subject to the order of the court. On the 11th day of December, 1901, a decree was entered in said cause directing the appraisement and sale, at public auction, by the sheriff of said county, of said premises, at which sale the plaintiff became the purchaser of all the interest of said Thomas under said lease, on the 21st day of February, 1902, for the sum of $333.34. The said contract of lease obligated the lessee to pay the taxes on the leasehold premises. The first count of the petition is to recover the balance of rentals which had accrued up to the time of the lessor's death. The second count is to recover rentals which had accrued from October,

1899, to April 1, 1902, which accrued after the death of the lessor and the lessee. The third count is predicated of the failure to pay the taxes assessed for the years 1899 and 1900. To this petition the defendant has demurred.

Thurman, Wray & Timmonds, for plaintiff.
Cole, Burnett & Williams, for defendant.

PHILIPS, District Judge (after stating the facts). In the first count of the petition the plaintiff seeks to recover of the defendant administrator the rentals which accrued and were unpaid at the death of the lessor. In the absence of any statutory provision to the contrary, it is elementary that the rents which accrued during the lifetime of the owner of the leased premises are personal property, and go to his personal representative as assets of the estate, and that, in the absence of any contrary statutory provision or testamentary direction, the rents of real estate which accrue after the death of the owner go to his heirs or devisees, and are not assets in the hands of his personal representative. It is equally elementary law, universally recognized in most of the states of the Union, that the rentals which had accrued at the time of the lessor's decease were choses in action of the testator's estate, and as such they passed on his death absolutely to his executor, and not to the heirs at law or to the legatee or beneficiary under the will. Scruggs v. Scruggs (C. C.) 105 Fed. 28, loc. cit. This is the law of the state of Ohio. "If rent has accrued [at the death of the lessor] it goes to the administrator or executor as personal estate." Crawford v. Chapman, 17 Ohio, 449.

The petition discloses the fact that letters testamentary were duly granted by the probate court of Hamilton county, Ohio, the domicile of the testator, on his estate. The cause of action, therefore, for the recovery of rentals due and unpaid at the time of the lessor's death, became, on the qualification of the executor, vested by operation of law in the executor, to the exclusion of the heir or legatee. This rule of law was evidently recognized by the pleader in drawing the petition, as he seeks to confer on the plaintiff a right of action by averring that on the 15th day of December, 1893, "the said savings bank assigned and transferred all of said overdue rents to this plaintiff upon account of the bequest made to her by said will as residuary legatee." There is no question but that at common law the administrator or executor may assign, sell, and transfer the choses in action of the estate held by him. Woerner's American Law of Administrators, § 331. But this common-law right in many of the American states has been taken away by statute, as in the state of Ohio. In Jelke v. Goldsmith, 52 Ohio St. 499, 40 N. E. 167, 49 Am. St. Rep. 730, the court said:

"The common law is in force in this state, except as modified by statute. At common law an executor or administrator has full power to sell and dispose of the estate without an order of court, when the sale is in good faith and for the purposes of the estate. * * * Under our statute an executor or administrator may sell the personal property of the estate at public sale without an order of court. Section 6076, Rev. St. By section 6074, the power of an executor or administrator to sell promissory notes,

claims, demands, rights of action, etc., belonging to the decedent at his death, is taken away, except as to sale of desperate claims, and bonds and stocks necessary to be sold to pay debts, as provided in sections 6077, 6080, Rev. St."

As the petition does not bring the alleged transfer of the claim for rentals within either of the exceptions, the act of the executor in transferring sua sponte this claim to the plaintiff was unauthorized and conferred no right of action on her. The petition disclosing the fact that there were debts owing by the estate, the executor held this asset in trust for the payment of such debts; and not until final settlement and an order of distribution by the court of probate pursuant to the testator's will did the executor have the authority to transfer this claim to the plaintiff as residuary legatee. It follows that the demurrer to this count of the petition must be sustained.

Second Count. This count is predicated of the rentals which accrued after the death of the lessor, and presents a more interesting question of law and procedure. The lex loci rei sitæ governs chattel interests in land and real estate property. Tiedeman's Real Property, § 873. As the demised premises are located in the state of Ohio, the domicile of the lessor and lessee at the time of the execution of the lease and at the time of their death, the contract of lease was essentially an Ohio contract, and the right of the plaintiff to maintain this action is determinable by the law of that state. Story, Conflict of Laws, § 424. "Nothing is better settled than that the law of the state where the real and immovable property is situated exclusively governs in respect to the rights of the parties and the modes of transfer and distribution." Smith v. Smith, 174 Ill. 52, 50 N. E. 1083, 43 L. R. A. 403. At common law an estate for years in lands is personal property, and on the death of the tenant goes to his administrator or executor. Washburn on Real Property, § 17. This is likewise true of terms for a longer period than the tenant's life. Id. §§ 60–310. But this rule of the common law was changed by the act of the Legislature of Ohio, adopted in 1839 (Swan's St. 1841, p. 289, § 1), which declared that:

"Permanent leasehold estates, renewable forever, shall be subject to the same law of descents and distributions as estates in fee are or may be subject to."

Therefore the estate of the lessee, Dawson, on his death, descended to his heirs at law as real estate. Worthington v. Hewes, 19 Ohio St. 66; Northern Bank of Kentucky v. Roosa, 13 Ohio, 335; Taylor v. De Bus, 31 Ohio St. 468. As the lease in question contains an express covenant on the part of the lessee to pay the specified rentals during the period of the term, the death of the lessee did not have the effect to convert the term into a life estate; and the lessor could pursue the estate of the deceased lessee for recovery of the accruing rentals so long as there could be found assets of the estate subject thereto. Northern Bank of Kentucky v. Roosa, supra. The question, then arises: can the plaintiff, as devisee under the will of the lessor, maintain this action? It is well settled that at common law the assignee of the covenantee cannot

maintain the action of covenant, for the reason that privity of contract does not exist, and privity of estate alone is not sufficient to sustain the action. To remedy this rule of the common law in England, Parliament enacted St. 32 Henry VIII, c. 10. In Crawford v. Chapman, 17 Ohio, 449, it was held that:

"The grantee of the reversioner cannot maintain the action of covenant in his own name against a lessee upon an express covenant in the lease for the payment of rent."

This for the reason, above stated, that the common-law rule forbade it, and the statute of 32 Henry VIII had not been adopted in the state of Ohio. But in Masury v. Southworth, 9 Ohio St. 340, the court held that:

"An assignee of a reversion, having also assigned to him by the terms of his contract of conveyance the benefit of the covenants in a lease, may bring an action in his own name for a breach of such covenants, as the party beneficially interested, under the Code of Civil Procedure, which in this respect supplies St. 32 Henry VIII, c. 34."

The court observed in this case that:

"It has been decided by this court that St. 32 Hen. VIII, c. 34, is not in force in this state, and that an assignee of the reversion cannot maintain an action upon the covenants in the lease. But if the covenant be assignable in equity, so that an action might have been maintained in the name of the assignor, or relief obtained by suit in equity, our Code of Civil Procedure operates upon the remedy even more extensively than St. 32 Hen. VIII, c. 34. For whether the covenant be collateral, or inhere in the land, if it be assigned, the assignee not only may, but, as the party beneficially interested, must, sue in his own name. For example, if there be a contract by a lessee to build a house or a wall upon the land at any time, and whether to be used by the lessee or not, the lessor, in selling the reversion, may also assign the benefit of such a contract, and the action of the assignee for a breach would, under the Code, be in his own name."

The covenant to pay rent in this case is one that adheres to and runs with the land. Some confusion, it is to be conceded, arises touching this question by reason of a recurrence to the ruling in Crawford v. Chapman, supra, in the later cases of Sutliff v. Atwood, 15 Ohio St. 192, and in the case of Taylor v. De Bus, 31 Ohio St. 473. But it is quite evident to my mind that the statement made in the later cases was rather arguendo, in discussing the common-law rule, without any purpose whatever, in the mind of the writer of the opinion, to disregard, much less to overrule, the express ruling in Masury v. Southworth, supra.

The plaintiff, as devisee and legatee under the will, is an assignee within the meaning of the law. "A will," says Tiedeman, § 872, "is an instrument of conveyance by which the testator undertakes to direct the disposition of his property after his death." Such disposition of real estate, known as a "devise" at common law, is "considered not so much in the nature of a testament as a conveyance by way of appointment of particular lands to a particular devisee." 13 Am. & Eng. Enc. Law, p. 9, § 1. The plaintiff's legal status, as respects this action, is as much that of an assignee as if the lessor in his lifetime had assigned to her the reversionary interest in the land by deed of conveyance. An assign, or assignee,

"comprehends all those who take immediately· or remotely from or under an assignor, whether by conveyance, devise, descent, or act of the law." Anderson's Law Dict.; Brown v. Crookston Agr. Ass'n, 34 Minn. 547, 26 N. W. 907; Baily v. De Crispigny, L. R. 4 Q. B. 186. It results that the demurrer to the second count must be overruled.

Third Count. This count is for recovery of the amount of taxes alleged to have been assessed against the land for the years 1899 and 1900, which were suffered to become delinquent and remain unpaid. The petition alleges that the premises were sold under proceedings by the tax collector for the collection of said taxes, and that one Wilsie bought the same in at said sale for the amount of the taxes and penalties, amounting to the sum of $483.58. The petition then sets out certain judicial proceedings had in the superior court of Cincinnati, Hamilton county, Ohio, wherein she was complainant and said W. W. Thomas and said Wilsie and others were defendants; the purpose of which seems to have been to have determined the validity or invalidity of said tax sale, and the existence or nonexistence of any lien against said land on account of said tax sale, in which proceeding it was adjudged that said tax sale was irregular and voidable; but the court declared in favor of said Wilsie a lien on the premises for the amount paid by him at said tax sale, and directed the enforcement thereof within a specified time, unless the plaintiff therein should pay the amount so found to be equitably due to said Wilsie. It does not appear from the petition that the plaintiff paid said amount in conformity to said judgment. In respect of this proceeding and the judgment therein, it is sufficient to say that they were clearly res inter alios acta, to which the defendant herein or any legal representative of the estate of William Dawson was not a party, and therefore said judgment is inadmissible for any binding purpose in this litigation. Outside. of the allegation respecting said judgment, the cause of action in this count is distinctively for a breach of the alleged covenant on the part of the lessee, William Dawson, to keep the taxes paid during the term. As the plaintiff acquired by purchase the interest of said Thomas in said term, she cannot maintain the action for breach of covenant committed by her assignor; and her right of action depends alone upon her attitude as devisee and legatee under the will of the lessor, conveying to her the reversionary interest in the land. As the covenant to pay these taxes was not collateral, but adhered to the enjoyment of the freehold estate granted by the demise, the case comes clearly within the principle of the ruling in Masury v. Southworth, supra, and is controlled thereby. And as the covenant to pay the taxes is not one of indemnity, the cause of action to recover the same accrued to the covenantee or his assigns upon the breach of the covenant caused by the failure to pay the taxes, without more. Ham v. Hill, 29 Mo. 275; Rowsey v. Lynch, 61 Mo. 560; Fontaine v. Lumber Co., 109 Mo. 59, 18 S. W. 1147, 32 Am. St. Rep. 648; Wicker v. Hoppock, 6 Wall. 94, 18 L. Ed. 752; Wilson v. Stilwell, 9 Ohio St. 467, 75 Am. Dec. 477; Martin v. Bolenbaugh, 42 Ohio St. 508.

In respect of the contention of defendant's counsel that the covenants in the deed of lease do not contain the words "assign" or "assigns," so as to make it obligatory upon the heirs or administrator of the covenantor, it is sufficient to say that this objection is also answered by the discussion and ruling of the Ohio court in Masury v. Southworth, supra.

The demurrer to the third count is overruled.