[No. 16494.  Department Two.  June 15, 1921.]

GEORGE E. SNYDER *et al., Respondents,* v. JOHN STRINGER, *as Sheriff of King. County, et al., Appellants.*[1]

HUSBAND AND WIFE (45)—COMMUNITY PROPERTY—WHAT LAW GOVERNS—PROPERTY ACQUIRED IN ANOTHER STATE. Personal property acquired in another state by one of the spouses of a community composed of husband and wife domiciled in this state is presumptively community property, and hence not liable for the separate debt of one of the spouses; the fact that the law where the property was acquired would make it separate property not affecting its status in this jurisdiction.

Appeal from a judgment of the superior court for King county, Marion Edwards, judge *pro tempore,* entered December 18, 1920, upon findings in favor of the plaintiff, in an action to determine the ownership of an automobile and its liability to seizure on execution. Affirmed.

*F. W. Girand* and *Fred M. Williams (Attwood A. Kirby,* of counsel), for appellants.

*Gates & Helsell, Harry L. Cohn,* and *Robert Weinstein,* for respondents.

[1]Reported in 198 Pac. 733.

PARKER, C. J.—This was a proceeding in the superior court for King county under Rem. Code, §§ 573-577, relating to adverse claims to property levied upon. The plaintiffs, Snyder and wife, as a community, sought recovery of an automobile, claimed by them as their community property, which had been levied upon by the defendant sheriff under a writ of execution issued upon a judgment rendered against the plaintiff Snyder in favor of the defendant Merkel. Proper affidavit and bond having been furnished to the defendant sheriff, he delivered the automobile to the plaintiffs, and thereafter the cause came regularly on for trial upon the merits as to the ownership of the automobile and its liability to seizure and sale in satisfaction of the judgment rendered against Snyder in favor of the defendant Merkel. Findings and judgment were made and rendered by the superior court, adjudging the automobile to be community property of the plaintiffs and not subject to seizure and sale in satisfaction of the judgment rendered against Snyder. From this disposition of the cause, the defendants have appealed to this court.

We think there is no room for serious controversy as to what the controlling facts of the case are. They may be summarized as follows: Respondents Snyder and wife were married in July, 1917, and ever since then have been residents of the state of Washington. In February, 1919, there was duly rendered in the superior court for Spokane county a money judgment, against respondent Snyder and in favor of appellant Merkel, for the sum of $2,500, upon an obligation incurred by Snyder long before his marriage, which obligation and judgment were not, and never became, a debt or obligation of the community composed of respondents. The business of respondent Snyder, consisting wholly of

the business of the community, called him frequently, and for periods of considerable duration, out of this state, and particularly into the states of Montana and Iowa. While in Iowa in May, 1920, he purchased there the automobile here in question, with funds which for present purposes we may regard as having been earned by him in his business in that state and in Montana. He brought the automobile to this state, and thereafter it was seized by appellant as sheriff under an execution issued upon the judgment rendered against Snyder in favor of appellant Merkel. This proceeding was thereupon commenced by respondents, seeking recovery of the automobile, and resulted as above noticed. It was proven upon the trial that, by the laws of both Montana and Iowa, the earnings of a husband during coverture become his separate property and become liable to levy and sale in satisfaction of his individual debts.

Counsel for appellant, while conceding that community property cannot, in this state, during coverture be seized and sold to satisfy the separate debts of the husband, invoke the general rule that the ownership of property brought into this state from another state remains unchanged; so that, if such property be separate property of the husband when brought here, it so remains, and becomes subject to seizure and sale to satisfy his separate debts, notwithstanding it may have been earned during coverture; citing *Freeburger v. Gazzam,* 5 Wash. 772, 32 Pac. 732; *Brookman v. Durkee,* 46 Wash. 578, 90 Pac. 914, 123 Am. St. 944, 13 Ann. Cas. 839, 12 L. R. A. (N. S.) 921; and *Meyers v. Albert,* 76 Wash. 218, 135 Pac. 1003. The *Freeburger* decision seems to assume, rather than decide, that the property acquired in Kansas was there the separate property of the wife. The real point decided seems to be that the property did not change its character as to ownership

by being brought into this state; that is, that it did not thereby become community property, though acquired during coverture. The place of the actual domicile of the husband and wife seems not to have been noticed in that decision. The *Brookman* and *Meyers* decisions render it plain that the properties there involved were acquired in states other than Washington, while the husband and wife were actually domiciled in those states, and became under the laws of those states the separate property of one or the other, and so remained when brought into this state.

Our decision in *Colpe v. Lindblom*, 57 Wash. 106, 106 Pac. 634, we think, is in principle decisive here in favor of the respondents. The property there involved was in this state, having been purchased by the husband with moneys earned by him in Alaska during coverture. Holding that the property was community property, Judge Gose, speaking for the court, said:

"The appellants urge that the interest of the appellant Dawson in the premises was his separate property. The evidence which forms the basis for the contention is that the money which Dawson put into the property was earned by him at Nome, Alaska, and that, under the laws of that place, his earnings were his separate estate. The record discloses that both the husband and wife were at Nome, he working at different things, as she expressed it, and she keeping house. The wife further testified that the marriage occurred at Phoenix, Arizona, about seventeen years before the trial. We have not been able to discover from the record whether Nome was their domicile or merely their temporary abode. As we have stated, in this state the presumption is that all property acquired by either spouse after marriage is community property. This rule is so well established that the citation of authority is not necessary. The law of the domicile controls as to personal property acquired during coverture. *Thayer v. Clarke* (Tex. Civ. App.), 77 S. W. 1050. In the absence of evi-

dence as to the domicile of the parties at the time the money was earned, the presumption will be indulged that the domiciliary law is the same as our own. *Clark v. Eltinge*, 29 Wash. 215, 69 Pac. 736.''

It seems to be argued by counsel for the appellants that, by this language, the court had in mind the presumption that the laws of Alaska were the same as our own in the absence of proof; but, clearly, we think, this is not what the court meant; for near the beginning of the quoted language it is said, ''under the laws of that place (Alaska), his earnings were his separate estate.'' We think it clear that, since the court was unable from the record to determine where the domicile of the husband and wife was at the time of earning the money which purchased the property, it would be presumed that, in whatever state or territory that domicile was, the laws of such state or territory were the same as our own; manifestly proceeding upon the theory that the husband and wife were not domiciled in Alaska, but were only there temporarily.

We are of the opinion that, for the purpose of determining by the courts of this state the ownership of this automobile, that is, as to whether it is community or separate property, both spouses being domiciled in this state when the automobile was acquired in the manner we have noticed, the *situs* of the property, to-wit, the automobile, must be deemed to be that of the domicile of respondents; whatever may be said as to its *situs* for the purpose of determining its liability to seizure and sale to satisfy the individual debts of respondent Snyder while it was in Montana, or Iowa, by the courts of those states.

The judgment is affirmed.

MITCHELL, MAIN, MACKINTOSH, and TOLMAN, JJ., concur.