## W. T. CARTER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86558. Promulgated November 11, 1937.

*G. K. Munson, Esq.*, and *Palmer Hutcheson, Esq.*, for the petitioner.

*James H. Yeatman, Esq.*, for the respondent.

# 856

## OPINION.

HILL: Petitioner and his wife since the date of their marriage in 1910 and at all times have been residents of the State of Texas. Prior to his marriage petitioner acquired by gift from his father 650 shares of stock of the W. T. Carter Lumber & Building Co., a Texas corporation. Subsequently (but prior to 1930) petitioner acquired additional shares of stock of the same company (1) by purchase with community funds, (2) by way of stock dividends, and (3) by gift from his mother. In 1930 petitioner sold 500 shares of the stock, and in the taxable year 1931 sold at a profit 500 additional shares.

The separate acquisitions of stock by petitioner having been merged and commingled in the certificates later issued for larger numbers of shares, including the stock dividends, apparently respondent, applying the first in, first out rule, treated the sale of 500 shares in 1930 as having been made out of the 650 shares first acquired by petitioner by gifts from his father, and the 500 shares sold in the taxable year as consisting of the remaining 150 shares of the original gifts, and 350 shares issued as stock dividends. Respondent further held that the stock dividends constituted separate property of petitioner, and so taxed the profit derived from the sale in 1931 as separate income of petitioner. Petitioner contends that the entire profit should be treated as community income of himself and wife. There is no controversy as to cost bases or amount of gain realized. Petitioner's position, we think, must be sustained.

Whether the profit in question was the separate property of petitioner, or constituted community property of himself and wife, must be determined according to the laws of Texas. "What are the property rights of husband and wife arising from their marital relationship is peculiarly a state question and we are bound on such question by the decisions of the state courts." *James R. Parkey*, 16 B. T. A. 441, 449. Cf. *Poe* v. *Seaborn*, 282 U. S. 101, and *Hopkins* v. *Bacon*, 282 U. S. 122.

Vernon's Annotated Texas Statutes (Civil), vol. 13, provide in part material here as follows:

ART. 4613. *Husband's Separate Property.* All property of the husband, both real and personal, owned or claimed by him before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands thus acquired, and the rents and revenues derived therefrom, shall be his separate property. * * *

[Article 4614 similarly defines the wife's separate property.]

ART. 4619. *Community Property.* All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only. * * *

Prior to 1917 only the "increase" of the spouses' separate lands in Texas constituted separate property, but in that year an act was adopted making the "rents and revenues" from the separate lands of each spouse his or her separate property. However, this enactment, as amended in 1921, was held invalid on account of the insufficiency of the caption to the bill; and it was also held unconstitutional as to the wife's separate estate for the reason that her separate property rights, having been defined by the state constitution, could neither be increased nor diminished by legislative act. *Arnold* v. *Leonard*, 114 Tex. 535; 273 S. W. 799.

The statutes cited above, which were adopted by the Texas Legislature in 1925, reenacted the provisions making the rents and revenues from the husband's separate lands the separate property of the husband, and cured the defective caption to the bill theretofore held invalid on that account. *Stephens* v. *Stephens*, 292 S. W. 290.

It will be observed that these statutes relate only to the *separate lands* of the husband and not to the "increase" of or "rents and revenues" derived from his separate personalty.

Under the community property system, in the absence of a contrary statutory provision, it is the general rule that the increase, rents, and profits of the separate property of the spouses fall into the community, 31 C. J. 29, and this was the early rule in Texas prior to 1917, *Mitchell* v. *Mitchell*, 80 Tex. 101; 15 S. W. 705; *Dixon* v. *Sanderson*, 72 Tex. 359; 10 S. W. 535. And statutes expressly giving to the separate estate the increase or fruits of particular kinds of separate property impliedly exclude other exceptions to the general rule previously established that all issues and profits of the separate property fall into the community. 31 C. J. 31, citing *Howard* v. *York*, 20 Tex. 670; *Braden* v. *Gos*, 57 Tex. 37. Thus, the statutes above referred to did not abrogate or in any way affect the long established general rule recognized by the courts of Texas that the increase, rents, revenues, and profits of the separate personalty of either spouse belonged to the community.

Following that rule, it was said by the Supreme Court of Texas in *Claflin* v. *Pfeifer* (March 14, 1890), 76 Tex. 469; 13 S. W. 483, that "It seems to be settled by the previous decisions of this court that profits on investments of the wife's separate estate are community property, and liable for the husband's debts."

In *Dixon* v. *Sanderson*, *supra*, the same court held that money received as a prize on a lottery ticket purchased with the separate

money of the wife was community property. In *Schmidt* v. *Huppman*, 73 Tex. 112; 11 S. W. 175, a stock of goods, the separate property of the husband at the date of his marriage, was from time to time replenished and increased until the wife's death. It was held that the goods only to the extent of their value at the date of their marriage was the husband's separate property. The same rule was applied in *Smith* v. *Bailey*, 66 Tex. 553; 1 S. W. 627, where the wife originally owned the stock of goods as her separate property.

It has also been held that rents of the wife's separate property belonged to the community, *Schepflin* v. *Small*, 23 S. W. 432; *De Berrera* v. *Frost*, 77 S. W. 637, and interest accruing on the separate funds of the wife is community property, *Cabell* v. *Meinczer*, 35 S. W. 206; *Parrish* v. *Williams*, 53 S. W. 79. "All moneys and property made in commercial transactions, by either husband or wife, is community property", even though the capital employed is the separate property of one of the spouses. *Mitchell* v. *Mitchell, supra*, at page 709.

This doctrine in Texas has been modified in some cases to the extent of holding that where the increase in separate property was spontaneous and independent of assistance from the community, it was separate property, *Stringfellow* v. *Sorrells*, 82 Tex. 277; 18 S. W. 689, but where it involves care, labor, or attention from the members of the community, it is community property, *Hayden* v. *McMillan*, 23 S. W. 430. In the case at bar, petitioner devoted the major portion of his time to the management and operation of the corporation which issued the stock in controversy.

In *Brand* v. *Brand* (March 3, 1937), 102 S. W. (2d) 310, it was held that the husband's profits from the sale in Texas during marriage of corporation stock were community funds. At the date of marriage the husband had 40 shares of Gulf Oil Co. stock. This was all paid except the sum of $120, which was afterwards paid. During marriage the husband sold at a profit 20 of his 40 shares of stock. The court held that the $120 was community property, and that the entire profit derived from the sale was also community funds.

Under the rule established by the foregoing decisions of the Texas courts, we can reach no other conclusion than that the profit derived from the sale of the stock here in controversy was community property of petitioner and his wife, and not his separate property, and this is true whether the stock sold was all his separate property, or part separate and part community. It follows that only one-half of such profit may be included in petitioner's gross income and taxed to him. *Hopkins* v. *Bacon, supra.* Respondent's action is reversed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*