480 S.W.2d 893 (1972)
In re ESTATE of Ralph A. PERRY, Deceased.
Morran D. HARRIS, Administrator-Respondent,
v.
Mildred PERRY, Appellant.
No. 55810.
Supreme Court of Missouri, Division No. 2.
February 22, 1972.
Motion for Rehearing or to Transfer Denied June 12, 1972.
*894 T. Bryant Johnson, Osceola, for respondent.
Robert G. Barstow, Houston, Poague, Brock & Wall, Julius F. Wall, Clinton, for appellant.
Motion for Rehearing or to Transfer to Court En Banc Denied June 12, 1972.
PRITCHARD, Special Judge.
The dispositive issue is whether appellant, widow of Ralph A. Perry, deceased, both of whom were residents of the state of Texas, may take certain personal property located in St. Clair County, Missouri, by reason of Texas community property laws.
Appellant's spouse, Ralph A. Perry, whom she married in 1955, died on January 7, 1968. The two owned as tenants by the entirety Rim Point Ranch in St. Clair County, Missouri. On this ranch was located all the personal property here in dispute. Mr. Perry and appellant both resided at Conroe, Texas, at the time of his death. Shortly after deceased's death, appellant obtained a power of attorney from his children by a prior marriage to represent their interests in his estate, but this was revoked when she did not seek appointment as administratrix. On the request of the children, respondent was appointed administrator of deceased's estate in the Probate Court of St. Clair County, Missouri, on June 3, 1968. An inventory was then filed by the administrator on June 22, 1968, listing cattle, saddles, machinery, and other items said to belong to deceased's estate. On October 9, 1968, appellant filed her inventory of the same property "reflecting the partnership assets in Missouri on January 7, 1968, the date of Ralph A. Perry's death, such assets being community property of the marriage." On October 8, 1968, respondent and appellant, by her attorney, agreed that she purchase all livestock, cattle and horses, saddles and trucks for $12,945.00, which was to be placed on interest, and if determined to be her separate or exempt property, the amount with interest was to be paid to her less court costs. Appellant agreed that the farm machinery, valued at $2,935.00, might be stored on her ranch without cost to the estate.
Without any doubt, Texas community property laws of the nonresident appellant and her deceased spouse, Ralph A. *895 Perry, control her property rights in the personal property having a situs in this state at the time of his death. See 41 C.J.S. Husband and Wife § 466, p. 991 et seq., for the general rule. The rule has been applied in principle in this state in the early case of Depas v. Mayo, 11 Mo. 314. There the parties, after their marriage, resided in Louisiana where they accumulated considerable estate by their joint exertions, and where one-half of all the property acquired during the coverture belonged to the wife, could not be disposed of to defeat the wife's interests, and was not subject to the husband's debts. Later the husband and wife moved to St. Louis taking with them a considerable amount of the jointly acquired property, with which the husband purchased a real estate lot in St. Louis taking title in his own name. The wife sued for and obtained a divorce after the couple returned to New Orleans, and thereafter sought and was successful in having adjudicated her right to one-half the community property under Louisiana law and by reason of equitable title resulting in trust the title to one-half the Missouri real estate (the rights in the real property were adjudicated in accordance with the law of its situs). See also 15A C.J.S. Conflict of Laws § 18(2), p. 493; and the case of Snyder v. Stringer, 116 Wash. 131, 198 P. 733, where an automobile bought by a husband, who with his wife were residents of Washington, was held to be governed by Washington community property laws and was not subject to seizure and sale to satisfy the husband's debts in another jurisdiction.
Under Vernon's Tex.Ann.Civ.St., Art. 4619 (Act 1967, 60th Leg., p. 738, ch. 309, § 1), in effect at the time of Mr. Perry's death, it was provided, "All property possessed by either spouse during or on dissolution of marriage is presumed to be community property." Under Texas law, the burden of proof to rebut the statutory presumption was here upon respondent. Kirtley v. Kirtley (Tex.Civ.App.), 417 S.W.2d 847; Podolnick v. Hamilton (Tex.Civ.App.), 359 S.W.2d 108. Here, respondent testified that as administrator he made and filed an inventory in Mr. Perry's estate, the basis for which was that "The property was located on his farm for one thing." He knew the farm was owned by Mr. and Mrs. Perry as tenants by the entirety. It was respondent's understanding that the machinery was sold to Mr. Perry by one of the appraisers. The title to a 1963 GMC pickup was in the name of Ralph A. Perry. He could not recall any information about the cattle other than the fact that they were on his property. Respondent did not know when any other property was acquired, and did not know whether it was considered by Mr. and Mrs. Perry as their separate property. Mrs. Perry did tell him that some things belonged to her, and they did not inventory these things. At the time the inventory was being made, appellant made no claim that any property listed was not that of Mr. Perry's. She was aware that the inventory was being made, and later filed a request for an allowance from the probate court. Respondent could not tell what property he found on the ranch was owned by deceased prior to his marriage, or whether any of it was acquired after the marriage by gift, devise or descent. Claims have been made since the inventory was filed to the effect that the property was not the separate estate of Mr. Perry.
V.A.T.S. Probate Code, § 45, provides that upon dissolution of the marriage relation by death, all property belonging to the community estate shall go to the survivor, if there are no children of the deceased, but if there are children of deceased one-half the property shall go to the survivor, and the other half shall go to such children. V.A.T.S. Probate Code, § 160, provides that when no one has qualified as executor or administrator of a deceased spouse's estate, the surviving spouse, without qualifying as community administrator, has power to sue and be sued for the recovery *896 of community property; to sell, mortgage, lease and otherwise dispose of community property for the purpose of paying community debts, to collect claims due to the community estate; "and has such other powers as shall be necessary to preserve the community property, discharge, community obligations, and wind up community affairs."
The evidence above is insufficient to prove that Mr. Perry had separate ownership in the estate inventoried, and is insufficient to rebut the presumption existing under Texas law that all of the property was and is community property. It follows that respondent was without authority as administrator to take charge of any of the property and to proceed with administration with respect to it. Under the evidence, the property should have been ordered turned over to appellant to hold in accordance with V.A.T.S. Probate Code, § 160, or in accordance with other Texas law with respect thereto.
The judgment is reversed and the case remanded with directions that respondent pay over to appellant all funds in his hands, and deliver to her all machinery inventoried, free and clear of any court costs or allowances for administrator fees, attorney fees, or claims against the estate.
PER CURIAM:
The foregoing opinion by PRITCHARD, Special Judge, is adopted as the opinion of the Court.
MORGAN, P. J., and DONNELLY, J., concur.
HENLEY, J., concurs in result.